FILED

09/07/2017

Clerk of the
Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 27, 2017 Session

## STATE OF TENNESSEE v. ROBIN KATHERN BURTON

**Appeal from the Criminal Court for Hawkins County**
**No. CC15CR160    Alex E. Pearson, Judge**

_____

### No. E2016-01597-CCA-R3-CD
_____

The Defendant, Robin Kathern Burton, was indicted by a Hawkins County grand jury of one count of possession of a controlled substance with the intent to deliver and received a sentence of four years, with six months to be served in confinement. In this appeal as of right, the Defendant argues that the trial court abused its discretion in ordering her to serve a portion of her sentence in confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR. JJ., joined.

R.B. Baird, III, Rogersville, Tennessee, for the Appellant, Robin Kathern Burton.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Charme Allen, District Attorney General; and Courtney N. Orr, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 7, 2015, the Defendant was charged with "knowingly possessing with the intent to deliver one hundred sixteen (116) tablets of Oxycodone, a Schedule II controlled substance; a Class C felony in violation of T.C.A. [section] 39-17-417(a)(4),(c)(2)(A)." The affidavit of complaint stated that:

> On March 16, 2015, affiant along with other officers of the Hawkins County Sheriff's Office Narcotics Unit executed a search warrant at the residence of [the Defendant], 1171 Old

Stage Rd[.], Hawkins County, Tennessee. During the search, officers located and seized (3) three prescription bottles in the residence for [the Defendant] that contained round blue tablets, believed to be Oxycodone (schedule II). Each bottle contained different quantities of tablets for an approximate total of 116 dosage units. Also seized from the residence was a LG cell phone and paperwork from a medical office. [The Defendant] was arrested and transported to the Hawkins County Jail. During an interview, after Miranda, [the Defendant] made several verbal comments indicating her involvement in the illegal drug trade.

Following a jury trial, the Defendant was convicted as charged. The only evidence introduced at the June 24, 2016 sentencing hearing was the presentence report prepared by the Department of Correction. The trial court was advised by counsel that the Defendant had recently undergone surgery to remove lymph nodes from her arm and side and that she had scheduled follow-up appointments with her doctors to determine whether she would require any radiation treatments. Prior to imposing the sentence, the trial court acknowledged that the Defendant's "lack of prior criminal history" was emphasized during the trial and that "certainly her presentence report bears that out."[1] The court further recognized that the Defendant had previously been charged with worthless checks, which she paid. Moreover, the trial court noted that there was no "judgment of conviction associated" with these checks. Although the State did not claim the Defendant's sentence should be supported by any specific enhancement factors, it urged the trial court to impose "some incarceration" because the offense involved a Schedule II narcotic, which had become an "epidemic" in the state and community.

Following the hearing, the court imposed a four-year sentence, with six months to be served in confinement and the remainder to be served "on house arrest or Community Corrections." On July 29, 2016, defense counsel advised the court that the Defendant had received a "good bill of health" during her last visit to

---

[1] The record does not include a copy of the trial transcript. "If . . . the record is adequate for meaningful review, the appellate court may review the merits of the sentencing decision with a presumption that the missing transcript would support the ruling of the trial court." State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012). In this case, because the record includes the presentence report and sentencing transcript with the trial court's reasoning for its sentencing decisions, the record is sufficient for this court to conduct a meaningful review of the defendant's sentence with a presumption that the missing trial transcript would support the trial court's ruling. See Id. at 279-80.

her medical provider. The judgment was entered the same day, and the Defendant filed a timely notice of appeal on August 8, 2016.

## ANALYSIS

On appeal, the Defendant argues that the trial court abused its discretion in denying alternative sentencing or probation. The Defendant specifically relies on the following mitigating factors: her possible cancer, absence of a prior criminal record, graduation from high school, classes taken at Walters State Community College, and gainful employment. She also claims the following factors support a sentence of probation: a lack of criminal history and the fact that there was no victim, injuries, or death involved in the crime. The State responds, and we agree, that the trial court properly denied complete probation.

"[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). A trial court must consider the following when determining a defendant's specific sentence and the appropriate combination of sentencing alternatives: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in sections 40-35-113 and 40-35-114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b)(1)-(7). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5). The court must impose a sentence "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Id. § 40-35-103(2), (4).

Any sentence that does not involve complete confinement is an alternative sentence. See generally State v. Fields, 40 S.W.3d 435 (Tenn. 2001). Tennessee Code Annotated section 40-35-102(6)(A) states that a defendant who does not require confinement under subsection (5) and "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to

- 3 -

the contrary[.]" However, a trial court "shall consider, but is not bound by, the advisory sentencing guideline" in section 40-35-102(6)(A). See Tenn. Code Ann. § 40-35-102(6)(D). Despite a defendant's eligibility, he or she is not automatically entitled to probation as a matter of law. Id. § 40-35-404(b), Sentencing Comm'n Cmts. Moreover, the defendant bears the burden of establishing his or her suitability for probation. Id. § 40-35-303(b).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. Tenn. Code Ann. § 40-35-303(a). When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn.1978)). "[A] trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination." State v. Sihapanya, 516 S.W.3d 473, 476 (Tenn. 2014).

Finally, in determining whether to deny alternative sentencing and impose a sentence of total confinement, the trial court must consider if:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. §§ 40-35-103(1)(A)-(C); see State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

As an initial matter, the Defendant was required to be sentenced as a Range I, standard offender subject to a sentencing range of three to six years for each count of possession with intent to sell, a Class C felony. See Tenn. Code Ann. §39-17-417(c)(2)(A); §40-35-112(a)(3). Thus, the trial court's four-year sentence with

six months of confinement was within the statutory range and presumed reasonable.

In the Defendant's brief, she emphasizes that she is entitled to an alternative sentence based on her medical condition and her lack of a criminal history. However, the record shows that the trial court was sympathetic to her medical condition and allowed her to report back to court after a medical appointment, which presumably was scheduled to determine whether she had cancer. Upon her return, she advised the court that she had a clean bill of health. The trial court clearly considered the Defendant's medical condition and properly determined, in light of all the other factors, that it was not grounds to impose a sentence of complete probation.

The Defendant additionally argues that the trial court based its decision to impose partial confinement on the seriousness of the offense and deterrence, neither of which was supported by the record. While we agree that the proof of deterrence is minimal at best, the record shows that deterrence was not the sole basis for the trial court's denial of relief. Sihapanya, 516 S.W.3d at 476 (declining to apply heightened standard of review). In sentencing the Defendant, the trial court recalled "transactions that weren't charged that were introduced [at trial] as 404(b) evidence." It further noted that "this was not a situation where it was an isolated time . . . . This is a situation where you're actively selling these pills." The trial court's decision was "based on the circumstances of the offense which [had] to do with more than one transaction of illegal controlled substances being delivered or sold or fronted . . . ." Moreover, the trial court noted that the Defendant "didn't play a minor role" in the offense, she played "a major role." Finally, throughout its ruling, the trial court emphasized the Defendant's dishonesty and noted that she was "flat not honest" in her representation to the court or the jury. Given these considerations, the trial court's imposition of a four-year sentence, with six months to serve was proper. See State v. Hooper, 29 S.W.3d 1, 11-12 (Tenn. 2000) (noting that one of the factors to consider in deterrence include whether the defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions).

We therefore conclude that the Defendant has failed "to either establish an abuse of discretion or otherwise overcome the presumption of reasonableness afforded sentences which reflect a proper application of the purposes and principles of our statutory scheme." Caudle, 388 S.W.3d at 280. Accordingly, the Defendant is not entitled to relief.

## CONCLUSION

Based on the aforementioned authorities and reasoning, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE