IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 15, 2017

## STATE OF TENNESSEE v. CALANDRA CLARK

**Appeal from the Circuit Court for Madison County**
**No. 16-187    Roy B. Morgan, Jr., Judge**

_____

## No. W2017-00135-CCA-R3-CD

_____

A Madison County jury convicted the Defendant, Calandra Clark, of identity theft, forgery, driving on a revoked license, and violation of the seat belt law. The Defendant pled guilty to an additional count of driving on a revoked license as a prior offender, and the trial court imposed an effective sentence of four years. On appeal, the Defendant argues that the evidence is insufficient to sustain her convictions for identity theft and forgery and that her sentence is improper. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court for Madison County Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT L. HOLLOWAY, JR., J., joined.

George Morton Googe, District Public Defender, and Jeremy B. Epperson, Assistant District Public Defender, Jackson, Tennessee, for the appellant, Calandra Clark.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; and Jody S. Pickens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 2, 2016, the Defendant was indicted by a Madison County Grand Jury for identity theft, possession of marijuana with intent to sell, possession of marijuana with intent to deliver, possession of drug paraphernalia, forgery, driving on a revoked license, driving on a revoked license as a prior offender, and violation of the seat belt law. As

relevant to the issues raised by the Defendant in this appeal, the facts adduced at the September 22, 2016 trial were as follows:

Officer Robert Stevens of the Jackson Police Department testified that, on September 27, 2015, at approximately 2:30 a.m., he stopped the Defendant's car after he noticed that the Defendant and a passenger were not wearing seat belts. Officer Stevens approached the car and asked for the Defendant's license, registration, and proof of insurance. The Defendant told Officer Stevens that she did not have any of the requested documents, that her name was "Franchesca Beard," and that her birthdate was September 19, 1987. Officer Stevens entered the name and birthdate in his system, which showed a valid license for "Franchesca Beard."

Officer Stevens also testified that, during this time, he detected an odor of marijuana and called for officer assistance. After a second officer arrived, Officer Stevens re-approached the Defendant and asked her to exit the car. The Defendant refused to exit the car, cursed, yelled, and acted "extremely belligerent" towards Officer Stevens. Once the Defendant and the two passengers were eventually removed, Officer Stevens searched the car and found a Crown Royal bag containing 23.65 grams of marijuana, a digital scale, and an unopened package of Swisher Sweets cigarillos. Officer Stevens was unable to identify the two passengers in the Defendant's car, and one of the passengers fled while he was searching the car. A dashcam video of the Defendant's arrest was played for the jury.

Officer Stevens testified that he wrote the name "Franchesca Beard" on the evidence bags and that the Defendant signed her name as "Franchesca Beard" on her seat belt violation citation. After the Defendant was arrested and booked, Officer Stevens learned that the Defendant gave him a false name and birthdate. The name on the evidence bags was updated, and Officer Stevens also re-issued a citation to the Defendant in her real name and obtained her driver's license history, which showed that her license was revoked. The Defendant signed the re-issued citation with her real name.

Franchesca Beard testified that she was the Defendant's cousin and that her birthdate was September 19, 1987. Beard confirmed that the Defendant was driving Beard's car when she was arrested. Beard said that she was at a party with the Defendant on the evening of September 27, 2015, and that she was "under the influence" and could not recall whether she allowed the Defendant to take her car. However, Beard testified that she did not consent to the Defendant's use of her name and birthdate.

The jury found the Defendant guilty of identity theft, forgery, driving on a revoked license, and violation of the seat belt law and acquitted the Defendant of the three remaining drug charges. The Defendant pled guilty to the additional count of driving on

a revoked license as a prior offender, which was merged into the original count of driving on a revoked license. The trial court imposed an effective four-year sentence, and a motion for new trial was subsequently denied. This timely appeal followed.

## ANALYSIS

On appeal, the Defendant raises two issues for review: (1) whether the evidence was sufficient to support her convictions of identity theft and forgery; and (2) whether her sentence was improper.[1] Upon our review, we affirm the convictions.

**I. Sufficiency of the Evidence.** The Defendant first argues that the evidence is insufficient to sustain her convictions for identity theft and forgery. Specifically, she contends that "her conduct did not meet the definition of identity theft under T.C.A. [section] 39-14-150" because she did not obtain any credit, merchandise, service, or medical information through her use of Beard's identity. The Defendant further argues that she cannot be guilty of forgery because her signature on the citation was not "an intentional act." The State responds that the evidence is more than sufficient to sustain the convictions.

When a defendant challenges the sufficiency of the evidence supporting a conviction, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (citing State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010)). Because a guilty verdict "removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d

---

[1] The Defendant only challenges her sentences for identity theft and forgery. She does not challenge her sentences for driving on a revoked license, driving on a revoked license as a prior offender, or violation of the seat belt law.

776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)).  The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'"  State v. Dorantes, 331 S.W.3d 370, 370 (Tenn. 2011) (quoting Hanson, 279 S.W.3d at 275).  The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence.  State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)).  Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury.  Dorantes, 331 S.W.3d at 379 (citing State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006)).  When considering the sufficiency of the evidence, this court shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact.  Id.

"A person commits the offense of identity theft who knowingly obtains, possesses, buys, or uses, the personal identifying information of another . . . [w]ith the intent to commit any unlawful act including, but not limited to, obtaining or attempting to obtain credit, goods, services or medical information in the name of such other person" without the consent of the other person.  T.C.A. § 39-14-150(b)(1).  Personal identifying information means "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual," including, in relevant part, "[n]ame, social security number, date of birth, [or] official state or government issued driver license or identification number[.]"  Id. § 39-14-150(e).  The offense of forgery is committed when a person "forges a writing with intent to defraud or harm another."  Id. § 39-14-114(a).  To "forge" is to "[a]lter, make, complete, execute or authenticate any writing so that it purports to . . . [b]e the act of another who did not authorize that act."  Id. § 39-14-114(b)(1)(A)(i).

In the instant case, the proof at trial clearly established that the Defendant used Beard's name and birthdate to falsely identify herself to Officer Stevens.  Beard also testified that she was the Defendant's cousin and that she never consented to the Defendant's use of her name or birthdate.  Although the Defendant argues that her failure to obtain "credit, goods, services or medical information" in Beard's name absolves her of liability for identity theft, this is contrary to the plain language of the statute which merely requires use of the information to commit "any unlawful act including, but not limited to, obtaining or attempting to obtain credit, goods, services or medical information in the name of such other person."  Id. § 39-14-150(b)(1) (emphasis added). The Defendant's use of another person's identity to avoid prosecution for her criminal charges clearly qualifies as an unlawful act.  The Defendant's argument is without merit.

Likewise, the Defendant's contention that she did not intentionally commit forgery because Officer Stevens "instructed [her] to sign the citation" and that she was merely "follow[ing] his order[s]" is equally without merit. As the State points out, Officer Stevens asked the Defendant to sign her name, not to sign someone else's name and commit forgery. The Defendant is not entitled to relief.

**II.** **Sentence.** The Defendant also contends that her sentence is improper. Specifically, she contends that "the proper sentence would have been an alternative sentence" and that "the record does not support a sentence over two years." However, this is the entirety of the Defendant's argument. The Defendant provides no further analysis or support in her brief. We agree with the State that the Defendant's argument is inadequate and risks waiver of the issue. See Tenn. R. App. P. 27(a)(7) (The brief of the appellant shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on."); see also Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Potential waiver notwithstanding, the Defendant is still not entitled to relief.

"[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). A trial court must consider the following when determining a defendant's specific sentence and the appropriate combination of sentencing alternatives: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in sections 40-35-113 and 40-35-114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant wishes to make in the defendant's own behalf about sentencing. T.C.A. §§ 40-35-210(b)(1)-(7). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5). The court must impose a sentence "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Id. §§ 40-35-103(2), (4).

Any sentence that does not involve complete confinement is an alternative sentence. See generally State v. Fields, 40 S.W.3d 435 (Tenn. 2001). Tennessee Code Annotated section 40-35-102(6)(A) states that a defendant who does not require confinement under subsection (5) and "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" However, a trial court "shall consider, but is not bound by, the advisory sentencing guideline" in section 40-35-102(6)(A). See T.C.A. § 40-35-102(6)(D). Despite a defendant's eligibility, he or she is not automatically entitled to probation as a matter of law. Id. § 40-35-404(b), Sentencing Comm'n Cmts. Moreover, the defendant bears the burden of establishing his or her suitability for probation. Id. § 40-35-303(b).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. Id. § 40-35-303(a). When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)). "[A] trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination." State v. Sihapanya, 516 S.W.3d 473, 476 (Tenn. 2014).

Finally, in determining whether to deny alternative sentencing and impose a sentence of total confinement, the trial court must consider if:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. §§ 40-35-103(1)(A)-(C); see State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Here, the Defendant does not clearly state why she believes her sentence is excessive. The Defendant was required to be sentenced as a Range I, standard offender

subject to a sentencing range of two to four years for identity theft, a Class D felony. T.C.A. § 40-35-112(a)(4); Id. § 39-14-150(i)(1). As to forgery, a Class E felony, the Defendant was subject to a sentencing range of one to two years as a Range I, standard offender. Id. § 40-35-112(a)(5); Id. § 39-14-114(c). Thus, the trial court's four-year sentence for identity theft and two-year sentence for forgery were within the statutory ranges and presumed reasonable. In determining the appropriate length of the Defendant's sentences, the trial court applied one mitigating factor and two enhancement factors, which the Defendant does not challenge on appeal.

The Defendant also argues that "the proper sentence would have been an alternative sentence." However, as the trial court noted, the Defendant had an extensive criminal history of over twenty prior convictions, including multiple convictions for drug and traffic offenses, assault, disorderly conduct, violation of the worthless check statute, and a conviction for criminal impersonation based on a set of facts almost identical to the instant case. The trial court also properly considered that the Defendant previously failed to comply with probation rules in the past by failing drug screens, failing to pay restitution, failing to meet the terms of supervision, and failing to maintain employment.

Because the record shows that the trial court carefully considered the evidence, enhancement and mitigating factors, and the purposes and principles of sentencing prior to imposing a sentence of four years, the Defendant has failed "to either establish an abuse of discretion or otherwise overcome the presumption of reasonableness afforded sentences which reflect a proper application of the purposes and principles of our statutory scheme." Caudle, 388 S.W.3d at 280. Additionally, the record shows that the trial court properly relied on the Defendant's criminal history and the Defendant's failure to comply with measures less restrictive than confinement. As such, the Defendant has failed to prove that the trial court abused its discretion in denying an alternative sentence.

## CONCLUSION

Based on the aforementioned authorities and reasoning, the judgments of the trial court are affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE