FILED

07/12/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs June 26, 2018

**STATE OF TENNESSEE v. ROY LEE BRANNER**

**Appeal from the Circuit Court for Jefferson County
Nos. 13716, 13717, 13718, 13804  O. Duane Slone, Judge**

_____

**No. E2017-02482-CCA-R3-CD**

_____

The Defendant, Roy Lee Branner, entered an open guilty plea to two counts of violating the habitual motor vehicle offender (HMVO) statute; two counts of driving under the influence (DUI); two counts of violating the implied consent statute; two counts of leaving the scene of an accident; one count of possession of drug paraphernalia; one count of evading arrest; one count of resisting arrest; one count of domestic assault; one count of false imprisonment; one count of failing to appear; and nineteen counts of passing worthless checks.  Following a sentencing hearing, the Defendant received an effective sentence of fifteen years, with five years to be served in confinement, followed by ten years of supervised probation.  On appeal, the Defendant challenges the trial court's denial of alternative sentencing for the first five years of his sentence.  After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Edward Cantrell, District Public Defender; and Rebecca V. Lee, Assistant Public Defender, for the appellant, Roy Lee Branner.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Jimmy B. Dunn, District Attorney General; and Jeremy Ball and Chuck Murphy, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

## FACTUAL AND PROCEDURAL HISTORY

In case number 13716, the Defendant was charged with one count of violating the HMVO law, one count of DUI, and one count of violation of the implied consent statute. In case number 13717, he was charged with one count of violating the HMVO law, one count of DUI, two counts of leaving the scene of an accident, one count of possession of drug paraphernalia, one count of evading arrest, one count of resisting arrest, and one count of violation of the implied consent statute. In case number 13718, he was charged with one count of domestic assault and one count of false imprisonment. In case number 13804, he was charged with one count of failure to appear and nineteen counts of passing worthless checks valued under $1,000. The Defendant entered an open guilty plea to all charges, with sentencing to be determined by the trial court.

### Guilty Plea Hearing

At the guilty plea hearing, the State proffered the factual basis for each of the Defendant's convictions. In case number 13716, the State would have shown that on February 5, 2017, the Defendant's vehicle was stopped for crossing the fog line multiple times. The Defendant's eyes were glossy, he smelled of alcohol, and he performed poorly on field sobriety tests administered by an officer. He was arrested for DUI, refused to consent to a blood or breathalyzer test, and was an HMVO at the time of the arrest.

In case number 13717, the State proffered that on June 3, 2017, the Defendant was involved in a motor vehicle accident and left the scene. He was later apprehended while running on foot. He was sweating profusely, his speech was slurred, and his eyes were blood-shot. He informed officers that he had been drinking and that an open beer bottle was inside his truck. He also had a glass pipe in his truck, which he told officers he used to smoke cocaine. After performing poorly on field sobriety tests, he was arrested for DUI, and he was an HMVO at the time of the arrest.

In case number 13718, the State would have shown that on June 21, 2017, officers responded to a report of a domestic dispute. The victim told officers that the Defendant had hit her in her face several times and sat on her chest to prevent her from leaving. The victim had marks on both her face and chest. The Defendant also slit the tires on the victim's vehicle so she could not leave.

In case number 13804, the State proffered that the Defendant passed nineteen worthless checks at various locations in Jefferson County, primarily at a local grocery store. He also failed to appear in court.

## Sentencing Hearing

At a subsequent sentencing hearing, the fifty-eight-year-old Defendant testified that he had a significant criminal history and that his last conviction was in 2006. He was in prison until 2009, and after his release, he lived with his mother and took care of her when she got sick. He assisted his mother at their church and had a job with a construction company. When his mother went into a nursing home, he began using drugs again. He said that his siblings did not help him take care of his mother and that he "took the wrong turn," which led him to drinking and abusing drugs again. He agreed that he was legally blind and should not be driving.

The Defendant explained that he would not have a criminal record if he had not used drugs and alcohol. He began using drugs at age fourteen and had never been to a rehabilitation program. He stated that he could not read or write and that he wanted to find visual disability resources to help him obtain his GED. He described his life as "rough" and explained that his family's house had burned down. He wanted to rebuild the house and be able to have his mother come back home.

While incarcerated pending the sentencing hearing, he participated in Celebrate Recovery and attended a GED class. He explained that he was recommended to participate in an intensive inpatient treatment program, as well as attend Narcotics Anonymous and Celebrate Recovery meetings. He agreed that Centerpointe would have an opening for him in two or three months. He expressed his interest in giving back to his community and helping others in the jails with similar drug issues. He explained that he had expressed interest in other rehabilitative programs but that his sex offender status rendered him ineligible.

The trial court considered the Defendant's testimony and the presentence report. The Defendant was sentenced as a Range III, persistent offender for each of the three felony convictions: five years for each HMVO conviction and five years for the failure to appear conviction. These three sentences were to run consecutively. He was sentenced to six months for the resisting arrest conviction and to eleven months and twenty-nine days for each of the remaining misdemeanor convictions. The misdemeanor convictions were to run concurrently to one another and to the first five-year HMVO sentence. The effective sentence was fifteen years, and the trial court ordered the Defendant to serve in incarceration the first five-year sentence for the HMVO violation, followed by ten years of supervised probation. The Defendant timely appeals.

## ANALYSIS

The Defendant's sole issue on appeal is the trial court's denial of alternative sentencing for the first five-year sentence for the first HMVO conviction. The State maintains that the trial court did not abuse its discretion. We agree with the State.

A trial court's decision regarding alternative sentencing is reviewed for abuse of discretion, accompanied by a presumption of reasonableness for a sentence that falls within the appropriate range and reflects that a decision was based on the purposes and principles of sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). A trial court's decision regarding probation will only be invalidated if the court "wholly departed from the relevant statutory considerations in reaching its determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014) (order) (per curiam). Under an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.* at 475.

The trial court should consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant" in determining whether alternative sentencing should be granted. T.C.A. § 40-35-103(5). A trial court may deny alternative sentencing when:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1). "When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public." *State v. Brian Allen Cathey*, No. E2015-01284-CCA-R3-CD, 2016 WL 2641766, at *3 (Tenn. Crim. App. May 6, 2016) (citations omitted). The court should also consider the defendant's truthfulness. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). The defendant bears the burden of establishing his suitability for probation. T.C.A. § 40-35-303(b).

- 4 -

Here, the Defendant was eligible for alternative sentencing because each of his sentences was for ten years or less. *See* T.C.A. § 40-35-303(a); *see also State v. Adarius Dewayne Garth*, No. E2016-00931-CCA-R3-CD, 2017 WL 2493683, at \*6 (Tenn. Crim. App. June 9, 2017) (citing *State v. Langston*, 708 S.W.2d 830, 832-33 (Tenn. 1986)) ("A defendant with a total effective sentence greater than ten years is still eligible for probation if the individual sentences imposed for the convictions fall within the probation eligibility requirements."), *perm. app. denied* (Tenn. Oct. 3, 2017). Because the Defendant was a Range III, persistent offender, he was not considered a favorable candidate for alternative sentencing options. *See* T.C.A. §40-35-102(6)(A); *see also State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (noting that a persistent offender is not a favorable candidate for probation).

The Defendant acknowledges that the trial court considered the Defendant's criminal history and failure to comply with measures less restrictive than confinement. *See* T.C.A. § 40-35-103(1)(A), (C). He maintains that the trial court failed to consider whether confinement was necessary to avoid depreciating the seriousness of the offense or was particularly suited to provide deterrence to others. *See* T.C.A. § 40-35-103(1)(B). However, a trial court may deny alternative sentencing on any one ground listed in Tennessee Code Annotated section 40-35-103(1). The Defendant had many prior convictions, had previously failed to comply with alternative sentencing, and was on bond at the time the current offenses were committed. Thus, the record supports the trial court's denial of alternative sentencing on the basis of the Defendant's criminal history and failure to comply with measures less restrictive than incarceration. *See State v. Andrew Boykin*, No. W2016-01055-CCA-R3-CD, 2017 WL 1137112, at \*3 (Tenn. Crim. App. Mar. 27, 2017) (affirming the denial of alternative sentencing where the trial court considered the defendant's prior criminal record and the fact the defendant was on probation at the time the offenses occurred), *no perm. app. filed*.

The Defendant also argues that the denial of alternative sentencing for the first five-year sentence is not "reasonably related to the severity of the offense and is [not] necessary to protect the public from further criminal acts by the offender." He cites to *State v. Mary Frances Powell*, No. 03C01-9502-CR-00040, 1996 WL 138295, at \*2 (Tenn. Crim. App. Mar. 28, 1996), for this proposition. However, this case refers to findings that must be made by a trial court when imposing consecutive sentences on the basis that a defendant is a dangerous offender under Tennessee Code Annotated section 40-35-115(b)(4). *See id.*; *see also State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995). Because the record supports the denial of alternative sentencing under Tennessee Code Annotated section 40-35-103(1), we conclude that the trial court did not abuse its discretion.

## CONCLUSION

Based on the foregoing reasons, we affirm the judgments of the trial court.


_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE