STATE of Tennessee

v.

Kyto SIHAPANYA.

Supreme Court of Tennessee,
at Jackson.

April 30, 2014.

ORDER

PER CURIAM.

The defendant, Kyto Sihapanya, was driving on 1–40 near Memphis, Tennessee,

when he rear-ended a vehicle driven by Naomi Harris. The impact caused Ms. Harris's vehicle to leave the roadway and to flip over several times. Ms. Harris was killed as a result of the accident. The defendant did not stop, render aid, or call 9–1–1. Instead, he drove to Memphis, where he was stopped and arrested approximately twenty to twenty-five minutes after the accident. The defendant subsequently pleaded guilty to leaving the scene of an accident involving death, a Class E felony, and following too closely, a Class C misdemeanor. Tenn.Code Ann. §§ 55–10–101, 55–8–124 (2012). After conducting a sentencing hearing, the trial court denied the defendant's request for judicial diversion or probation and imposed a two-year sentence in confinement.

In his direct appeal to the Court of Criminal Appeals, the defendant argued that his sentence was excessive and that the trial court erred by denying his request for judicial diversion or probation. A majority of the Court of Criminal Appeals concluded that the trial court properly denied judicial diversion and affirmed the defendant's two-year sentence. The majority determined, however, that the trial court abused its discretion by denying probation because it relied on evidence not presented to the court to support its determination. In a partial dissent, Judge Roger A. Page concluded that the trial court did not abuse its discretion by denying probation. Both the State and the defendant appealed to this Court.

In *State v. Caudle*, 388 S.W.3d 273, 278–79 (Tenn.2012), we held that the appropriate standard of review for questions related to probation and alternative sentences is abuse of discretion accompanied by a presumption of reasonableness. The State contends that appellate review is necessarily limited when, as here, the trial court appropriately relied on the circumstances of the offense, the need to avoid depreciating the seriousness of the offense, and the need for deterrence. In contrast, the defendant maintains that the majority of the Court of Criminal Appeals properly concluded that the trial court abused its discretion by denying probation based on its consideration of evidence not in the record.

■ A defendant has "the burden of establishing suitability for probation." Tenn.Code Ann. § 40–35–303(b) (2010 & Supp.2013); *State v. Carter*, 254 S.W.3d 335, 347 (Tenn.2008). Accordingly, a defendant must show that "probation will subserve the ends of justice and the best interest of both the public and the defendant." *Carter*, 254 S.W.3d at 347 (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn.Crim.App.1997)) (internal quotation marks omitted). In determining the proper sentence, the trial court must consider: (1) any evidence received at the trial and sentencing hearing, (2) the pre-sentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. Tenn.Code Ann. §§ 40–35–102, –103, –210(b)(1)–(7) (2010).

When determining if incarceration is appropriate, a trial court should consider if:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to

others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn.Code Ann. § 40–35–103(1)(A)–(C) (2010).

When this Court adopted the abuse-of-discretion standard for reviewing a trial court's sentence, we stated that a trial court's sentencing decision "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *State v. Bise,* 380 S.W.3d 682, 709–10 (Tenn.2012). A court only abuses its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck,* 953 S.W.2d 662, 669 (Tenn.1997) (citing *Ballard v. Herzke,* 924 S.W.2d 652, 661 (Tenn.1996)). The abuse of discretion standard does not permit an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 927 (Tenn.1998).

In denying probation, the trial court considered the pre-sentence report, the defendant's lack of a criminal record, and his positive physical, mental, and social history. Although the trial court found that the defendant was a responsible young man who was unlikely to engage in future criminal conduct or who would have problems complying with the conditions of probation, the trial court was troubled by the particular nature and circumstances of the offense and concluded that the defendant's failure to stop evidenced a "disregard for human life." The court also stated that "[i]f [the defendant] had stopped, maybe the [victim] would have been okay, maybe not, but no one knows because you didn't stop." As to the circumstances of the offense, the trial court stated that "[The defendant] didn't try to turn around. He didn't think about it and, you know, as the last lady testified to, he's taking training to be a firefighter. Something should have kicked in that 'I need to help this person, something needs to be done.'"

The trial court also relied on the need to deter this kind of conduct in the community, stating, "I think this Court needs to send a deterrent out to the community to anyone driving on the roadway that if there is an accident, then you take steps to make sure someone is not injured."

In reversing the trial court's denial of probation, the Court of Criminal Appeals concluded that the record did not support the trial court's determinations that the victim would have survived if the defendant had stopped and that the need for general deterrence was present. Although the Court of Criminal Appeals correctly observed that the record lacked proof that the victim would have survived if the defendant had stopped to render aid, the intermediate appellate court incorrectly concluded that the record was devoid of evidence to support the trial court's determination that the nature and circumstances of the offense militated against probation. For example, the defendant admitted during the sentencing hearing that he had been drinking on the day of the accident, that he was not of legal age to drink, that he had been up all night, and that he fell asleep while driving at some point prior to hitting the victim's vehicle. The defendant also admitted that he did not look in the rear view mirror to see what happened to the victim's car after he hit her and that if he had not been stopped by police, he would have gone home, and no one would have known that he was involved in the accident.

The Court of Criminal Appeals also concluded that the record lacked evidence of a need for deterrence because the defendant's conduct was not "aggravated in such a way that justified denying probation because the victim died." Contrary to the Court of Criminal Appeals' conclusion, the trial court's denial of probation was not based *solely* on the fact that someone had died. The trial court instead combined the need to avoid depreciating the seriousness of the offense with the need for deterrence and the nature and circumstances of the offense. These factors are supported by the record, and neither the Court of Criminal Appeals nor this Court can substitute its judgment for that of the trial court. *See Bise,* 380 S.W.3d at 708–09; *Caudle,* 388 S.W.3d at 278–79. Accordingly, the heightened standard of review that applies to cases in which the trial court denies probation based on only one of these factors is inapplicable in this case. *See State v. Hooper,* 29 S.W.3d 1, 13 (Tenn.2000) ("[W]e hold that a trial judge may sentence a defendant to a term of incarceration based solely on a need for deterrence when the record contains evidence which would enable a reasonable person to conclude that (1) deterrence is needed in the community, jurisdiction, or state; and (2) the defendant's incarceration may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes."); *State v. Trotter,* 201 S.W.3d 651, 654 (Tenn.2006) (When "the seriousness of the offense forms the basis for the denial of alternative sentencing, ... the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring a sentence other than confinement.") (quoting *State v. Grissom,* 956 S.W.2d 514, 520 (Tenn.Crim.App.1997)).

■ In *Bise,* this Court held that

a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005. So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld.

380 S.W.3d at 706. In *Caudle,* we extended *Bise* to appellate review of a trial court's sentencing determination concerning probation or other alternative sentences. 388 S.W.3d at 278–79. Accordingly, a trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination.

■ Although the trial court erroneously relied on a fact not in the record in support of the denial of probation, the court properly considered the statutory criteria as well other facts and circumstances supported by the record. Moreover, the trial court's determination is consistent with the purposes and principles of sentencing. The Court of Criminal Appeals failed to afford the requisite presumption of reasonableness to the trial court's probation determination by substituting its judgment for that of the trial court when other evidence in the record supported the denial of probation. The judgment of the Court of Criminal Appeals granting the defendant's request for probation is therefore reversed, and the original judgment of the trial court denying probation is reinstated.

The defendant has appealed from the Court of Criminal Appeals' determination that the trial court did not err by denying judicial diversion. We find that the Court of Criminal Appeals properly de-

ferred to the trial court's resolution of this issue, and we therefore affirm the judgment of the Court of Criminal Appeals in that regard. *See State v. Kiara Tashawn King*, 432 S.W.3d 316, 329 (Tenn.2014) (holding that "the abuse of discretion standard accompanied by a presumption of reasonableness applies to all sentencing decisions, including the grant or denial of judicial diversion").

Accordingly, the portion of the Court of Criminal Appeals' judgment granting the defendant's request for probation is REVERSED, and the judgment of the trial court denying both probation and judicial diversion and imposing a two-year sentence in confinement is reinstated. Costs of this appeal are taxed to Kyto Sihapanya, for which execution may issue if necessary.