IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2018 Session

**STATE OF TENNESSEE v. KENTRELL LEBRON LINDSEY**

**Appeal from the Criminal Court for Bradley County**
**No. 16-CR-371      Sandra Donaghy, Judge**

_____

**No. E2017-01542-CCA-R3-CD**

_____

The Defendant, Kentrell Lebron Lindsey, appeals the trial court's order requiring him to serve in confinement his effective six-year sentence for his guilty-pleaded convictions of possession of dihydrocodeinone, a Schedule III controlled substance, with the intent to sell or deliver; possession of oxycodone, a Schedule II controlled substance, with the intent to sell or deliver; and possession of a firearm with the intent to go armed during the commission of a dangerous felony. The trial court found that Tennessee Code Annotated section 39-17-1324(e), which required that the Defendant serve his three-year sentence for the firearm conviction in confinement and consecutively to his sentences for the drug convictions, rendered the Defendant statutorily ineligible for probation for his drug convictions. We conclude, and the State concedes, that the trial court erred in finding the Defendant statutorily ineligible for probation for his drug convictions. Accordingly, we reverse the trial court's denial of probation for the drug convictions and remand the case for the trial court to consider the Defendant's suitability for probation on his three-year sentences for the drug convictions. The trial court's judgments are otherwise affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part, Reversed in Part, and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Philip L. Duval, Chattanooga, Tennessee, for the appellant, Kentrell Lebron Lindsey.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Stephen D. Crump, District Attorney General; and Andrew Watts, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL AND PROCEDURAL HISTORY

The Defendant was charged with possession of dihydrocodeinone with the intent to sell or deliver, possession of oxycodone with the intent to sell or deliver, possession of a firearm with the intent to go armed during the commission of a dangerous felony, possession of less than one-half ounce of marijuana, driving on a cancelled, suspended, or revoked license, and speeding. The Defendant entered into a plea agreement whereby he pleaded guilty to the dihydrocodeinone, oxycodone, and firearm charges, and the remaining charges were dismissed. Pursuant to the plea agreement, the Defendant received a three-year sentence as a Range I offender for each conviction, and his sentences for the drug convictions were to run concurrently with each other and consecutively to his sentence for the firearm conviction. The trial court was to determine the manner of service of the sentences. The trial court entered an order accepting the Defendant's guilty plea.

The transcript of the plea hearing is not included in the appellate record. According to the affidavit of complaint, a deputy with the Bradley County Sheriff's Department conducted a traffic stop after the Defendant was traveling thirty-nine miles per hour in a thirty-mile-per-hour zone. The deputy checked the Defendant's driver's license and learned that it was suspended. While speaking to the Defendant, the deputy smelled what he believed to be marijuana coming from the Defendant's vehicle. The Defendant granted the deputy consent to search the vehicle. The deputy asked the Defendant whether he had any drugs on his person, and the Defendant told the deputy that he had marijuana in his pocket. The deputy patted the Defendant down and found a baggie containing thirty-seven hydrocodone pills, nine oxycodone pills, a small baggie of marijuana, and cigarillos in the front pocket of the Defendant's cargo shorts. While searching the Defendant's vehicle, the deputy found a .380 firearm and an additional magazine in the center console. The deputy advised the Defendant of his rights and asked the Defendant what he was planning to do with the pills. The Defendant admitted that he planned to sell the pills.

During the sentencing hearing, the State entered the Defendant's presentence report into evidence, and the witnesses who testified included the Defendant, his mother, and a probation officer. At the conclusion of the sentencing hearing, the trial court made extensive findings based upon the nature and circumstances of the offenses, the Defendant's education, his employment history, his social history, his criminal history, his potential for rehabilitation, and the applicable enhancement and mitigating factors. The trial court recognized that the Defendant's three-year sentence for the firearm conviction was the mandatory minimum sentence and that he was not eligible for

probation for that conviction. *See* T.C.A. § 39-17-1324(a), (e)(2), (g)(1). The trial court also recognized that Tennessee Code Annotated section 39-17-1324(e)(1) required that the Defendant serve his sentence for the firearm conviction consecutively to his sentences for the drug convictions, which were the underlying dangerous felonies upon which the firearm conviction was based. The trial court stated that it was initially inclined to grant the Defendant probation for the drug convictions. However, the trial court found that it was prohibited from doing so based upon its reading of section 39-17-1324(e). Accordingly, the trial court ordered the Defendant to serve his effective six-year sentence in confinement.

## ANALYSIS

The Defendant contends that the trial court erred in finding that it did not have the authority to order him to serve his sentences for the drug convictions on probation. The State concedes error, and we agree.

A trial court's decision regarding alternative sentencing is reviewed for abuse of discretion, accompanied by a presumption of reasonableness for a sentence that falls within the appropriate range and reflects that a decision was based on the purposes and principles of sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). A trial court's decision regarding probation will only be invalidated if the court "wholly departed from the relevant statutory considerations in reaching its determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014) (order) (per curiam). Under an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.* at 475.

The trial court should consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant" in determining whether alternative sentencing should be granted. T.C.A. § 40-35-103(5). A trial court may deny alternative sentencing when:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1). "When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public." *State v. Brian Allen Cathey*, No. E2015-01284-CCA-R3-CD, 2016 WL 2641766, at \*3 (Tenn. Crim. App. May 6, 2016) (citations omitted). The court should also consider the defendant's truthfulness. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). The defendant bears the burden of establishing his suitability for probation. T.C.A. § 40-35-303(b).

The Defendant was convicted of possession of dihydrocodeinone, a Schedule III controlled substance, with the intent to sell or deliver, a Class D felony, and possession of oxycodone, a Schedule II controlled substance, with the intent to sell or deliver, a Class C felony. *See* T.C.A. § 39-17-417(a)(4), (c)(2)(A), (d)(1). The Defendant also was convicted of possession of a firearm with the intent to go armed during the commission of a dangerous felony, a Class D felony with a mandatory minimum sentence of three years. *See* T.C.A. § 39-17-1324(a), (g)(1). As noted by the trial court, the Defendant is ineligible for probation by statute for his firearm conviction. *See* T.C.A. § 39-17-1324(e)(2). Furthermore, the sentence imposed for the firearm conviction "shall be served consecutive to any other sentence the person … is sentenced to serve for conviction of the underlying dangerous felony." T.C.A. § 39-17-1324(e)(1).

The trial court found that section 39-17-1324(e) also rendered the Defendant ineligible for probation for the drug convictions and the underlying dangerous felonies. However, section 39-17-1324(e) limits the trial court's discretion to grant probation only for convictions resulting from a violation of that statute and does not limit the trial court's discretion to grant probation for the underlying dangerous felonies. Rather, the Defendant, who was sentenced to three years each for the drugs convictions, was eligible for probation for those convictions. *See* T.C.A. § 40-35-303(a) (proving that a defendant is eligible for probation if the sentence actually imposed is ten years or less, and the offense is not specifically excluded from probation consideration). Accordingly, we remand the case for the trial court to consider the Defendant's suitability for probation for his three-year sentences for the drug convictions. *See State v. Curtis Moore*, No. W2013-00179-CCA-R3-CD, 2014 WL 465751, at \*12 (Tenn. Crim. App. Feb. 4, 2014) (holding that although the defendant was statutorily ineligible for probation for his firearm conviction pursuant to 35-17-1324(e), he was eligible for probation for his eight-year sentence for attempted second degree murder, which was the underlying dangerous felony).

**CONCLUSION**

We affirm the trial court's denial of probation with regard to the Defendant's three-year sentence for possession of a firearm with the intent to go armed during the commission of a dangerous felony. We reverse the trial court's denial of probation with regard to the Defendant's two drug convictions and remand the case to the trial court to consider the Defendant's suitability for probation for the two drug convictions.

_____
JOHN EVERETT WILLIAMS, JUDGE