IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2019

## STATE OF TENNESSEE v. KRYSTEN RENAE GLOVER

**Appeal from the Circuit Court for Wayne County**
**No. 16115, 16116    Stella L. Hargrove, Judge**

_____

### No. M2018-01410-CCA-R3-CD

_____

The Defendant, Krysten Renae Glover, entered an open guilty plea to one count of the sale of 0.5 grams or more of methamphetamine and one count of the sale of methamphetamine in an amount less than 0.5 grams. The trial court held a sentencing hearing and imposed an effective nine-year sentence to be served in confinement. The Defendant appeals, arguing that the trial court erred by denying her probation. We conclude that the trial court did not abuse its discretion in sentencing, and we affirm the judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Amy Long Schisler, Lawrenceburg, Tennessee, for the Appellant, Krysten Renae Glover.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Brent A. Cooper, District Attorney General; and Beverly J. White, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL BACKGROUND

The Defendant was charged in two separate indictments with two counts of the sale of less than 0.5 grams of methamphetamine and two counts of the sale of 0.5 grams or more of methamphetamine as a result of four separate drug transactions occurring on April 28, 2016, May 9, 2016, May 16, 2016, and May 23, 2016. The Defendant entered

an open guilty plea to one count of the sale of less than 0.5 grams of methamphetamine and one count of the sale of 0.5 grams or more of methamphetamine.[1] Pursuant to the plea agreement, the remaining charges were dismissed.

Mr. Eugene Finn with the State Probation and Parole Department prepared the Defendant's presentence report and testified to its contents during the sentencing hearing. Mr. Finn testified that the Defendant informed him during an interview that her husband forced her to sell methamphetamine by bullying her and making aggressive threats towards her and her children. The Defendant's criminal history consisted of driving offenses, and she had no prior felony convictions. Mr. Finn said the Defendant was in good physical health but she suffered from diverticulitis. The Defendant reported that she had been taking antidepressants since being incarcerated.

Mr. Finn testified in depth about the Defendant's personal history. The Defendant was diagnosed as a teenager with severe depression and anxiety and also suffered from postpartum depression. The Defendant graduated from high school. The Defendant has held three jobs since she graduated from high school. She worked in 2012 for five months at a lumber company, and she stayed at home with her children from 2012 to 2017. Mr. Finn discussed the Defendant's risk and needs assessment that indicated that she had a high likelihood of reoffending.

Mr. Finn stated that the Defendant did not have any problems with alcohol but that she admitted that she used marijuana two times a week from 2006 until 2018. Mr. Finn testified that the Defendant admitted during her interview that she sold methamphetamine to pay for marijuana. This information was not included in the presentence report. The Defendant has been attending Narcotics Anonymous meetings while in jail. She maintained that she would not live with her husband if she were granted probation. The Defendant's children had been living with her step-sister after being removed from her custody by the Department of Children's Services ("DCS"). Mr. Finn verified the Defendant's claim that she had a job offer waiting if she received probation.

Lieutenant Jeremy Staggs with the Waynesboro Police Department's drug task force testified about the controlled buys that led to the Defendant's convictions. The Defendant's husband was the target of the controlled buys, and on two occasions, the Defendant sold the drugs at the controlled buy instead of her husband. The Defendant's husband was convicted on separate charges for the sale of methamphetamine and was sentenced to eight years.

---

[1] The transcript of the plea colloquy is not included in the record on appeal.

The Defendant testified at the sentencing hearing that she graduated high school and chose not to continue her education after she married her first husband. She discussed her employment history and explained the gaps in her employment. She stated that after her position was eliminated at her job in 2012, she decided to stay at home and care for her family. The Defendant returned to work in 2017 for a two-month period, resigned from that job, and worked for two months in 2018. The Defendant said that she was fired from this job. She stated that one of her co-workers was harassing her but she was fired instead of him. She testified that one of her prior employers agreed to allow her to return if she was granted probation. She testified that she was prescribed antidepressants at the time of the sentencing hearing due to her past depression, and she maintained that she never told the nurse or any other prison official that she had any suicidal thoughts. She denied ever trading methamphetamine for marijuana but did admit to selling methamphetamine for money. She said she would live with her aunt if she were granted probation.

The Defendant testified that DCS had removed her children from her custody and placed them with her step-sister. The Defendant admitted that one of her children was present during the May 23rd controlled buy that took place at her house. The Defendant stated that if she was granted probation, she would try to regain custody of her children. She testified that she had passed every DCS drug screen that has been administered to her. On cross-examination, the Defendant admitted that she continued to live with her husband after he posted bond following his arrest and before she was indicted. She testified that she would not live with her husband if granted probation.

The Defendant made an allocution accepting full responsibility for her actions. She apologized for her actions and asked the trial court to consider allowing her to serve her sentence on probation.

The trial court stated that it considered the following: the presentence report, the arguments regarding sentencing alternatives, the statements that were made at the plea hearing, enhancement and mitigating factors, statistics compiled from the Administrative Office of the Courts, any failure to accept responsibility, the likelihood of rehabilitation, and the Defendant's allocution. The trial court found that the Defendant was a Range I standard offender and imposed concurrent sentences of four years for the sale of less than 0.5 grams of methamphetamine and nine years for the sale of 0.5 grams or more of methamphetamine. The Defendant does not challenge the length of her sentence on appeal.

The trial court next considered whether the Defendant should serve her sentences on probation. The trial court found that the Defendant's criminal history consisted of a

few traffic charges. The trial court determined that the Defendant did not have a problem with drugs or alcohol but also mentioned that the Defendant "smoked some marijuana."

The trial court stated that it was "trying to promote a safer society for the citizens of Wayne County and feels that a deterrence to selling methamphetamine is incarceration." The trial court found that methamphetamine is a significant issue in Wayne County. The trial court also found that "confinement is necessary to avoid depreciating the seriousness of these offenses." The trial court questioned the Defendant's sincerity in taking responsibility because "throughout her testimony and throughout the Strong R and presentence report, she tends to blame other people, too, and does not totally accept responsibility." The trial court noted that the Defendant blamed her husband for the drug transaction and her co-worker for her termination. As a result, the trial court denied the Defendant's request for probation and ordered her to serve her sentences in confinement.

## ANALYSIS

The Defendant argues that the trial court erred in denying her probation because the record lacks substantial evidence that would support the trial court's denial of probation. More specifically, the Defendant asserts that neither the seriousness of the offense nor deterrence is a valid reason in this case to deny full probation. The Defendant describes her sentences as "excessive" but does not argue that the trial court erred in determining the sentence length, and accordingly, we will only analyze the trial court's denial of probation. The State responds that the trial court did not abuse its discretion in denying the Defendant probation.

A trial court's decision to grant or deny probation is reviewed under an abuse of discretion standard with a presumption of reasonableness when the sentence reflects the purposes and principles of sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). A trial court abuses its discretion when it: "(1) applies an incorrect legal standard, (2) reaches an illogical or unreasonable decision, or (3) bases its decision on a clearly erroneous assessment of the evidence." *State v. Mangrum*, 403 S.W.3d 152, 166 (Tenn. 2013). "[A] trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching is determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014) (order) (per curiam). This court will not substitute its own judgment for that of the trial court. *Id.* at 475. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmt.

A defendant is eligible for probation if the sentence imposed upon the defendant is ten years or less and the offense for which the defendant is sentenced is not excluded by statute. T.C.A. § 40-35-303(a). A defendant who is convicted as an especially mitigated or standard offender of a Class C, D, or E felony is considered a favorable candidate for alternative sentencing, including probation. T.C.A. § 40-35-102(6)(A). In determining whether incarceration is an appropriate sentence, the trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct.
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1)(A)-(C).

If a trial court denies probation based solely on a concern regarding the seriousness of the offense or solely on deterrence, this court must apply a "heightened standard of review." *Sihapanya*, 516 S.W.3d at 476. When probation is denied based solely on the seriousness of the offense, "'the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offense or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring a sentence other than confinement.'" *State v. Trotter*, 201 S.W.3d 651, 654 (Tenn. 2006) (quoting *State v. Grissom*, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997)). When the denial of probation is based solely on deterrence, the record must establish that: "(1) a need to deter similar crimes is present in the particular community, jurisdiction, or in the state as a whole, and (2) incarceration of the defendant may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes." *State v. Hooper*, 29 S.W.3d 1, 10 (Tenn. 2000). If however, the trial court's denial of probation was based on combining "the need to avoid depreciating the seriousness of the offense with the need for deterrence and the nature and circumstances of the offense," the heightened standards of review articulated in *Trotter* and *Hooper* do not apply. *Sihapanya*, 516 S.W.3d at 476.

The Defendant maintains that the trial court erred in denying probation solely because of the deterrence value. She argues that the trial court did not meet the heightened standard articulated in *Hooper* when denying probation on the basis of the deterrence value. The State notes that the trial court did not deny probation solely

because of the deterrence value; therefore, the heightened standard of review articulated in *Hooper* is not applicable here. *See Sihapanya* 516 S.W.3d at 476. We agree with the State.

In denying probation, the trial court specifically found that "a deterrence to selling methamphetamine is incarceration" and that "confinement is necessary to avoid depreciating the seriousness of these offenses of selling methamphetamine and are particularly suited to provide an effective deterrence to those likely to commit selling methamphetamine." The trial court also discussed the circumstances surrounding the Defendant's two offenses. The Defendant sold methamphetamine twice within a span of a month and admitted doing so in order to obtain money to purchase marijuana. During one of the transactions, her minor child was present in the home. The trial court found that the Defendant failed to accept responsibility for her actions while being interviewed for purposes of the presentence report and the risks and needs assessment. Accordingly, the heightened standard of review does not apply. *See e.g. State v. Kenneth Guthrie*, No. M2017-02441-CCA-R3-CD, 2019 WL 978687, at *5 (Tenn. Crim. App. Feb. 2019) (the heightened standard of review did not apply when the trial court's denial of probation was based on depreciating the seriousness of the crime, the circumstances of the offense, and deterrence); *State v. Daniel Edrick Lutrell*, No. W2016-01947-CCA-R3-CD, 2017 WL 2876249, at *7 (Tenn. Crim. App. July 6, 2017) (concluding that when the denial of probation is based on both depreciating the seriousness of the offense and deterrence, the heightened standard of review does not apply). Further, the Defendant is not considered a favorable candidate for probation because she was convicted of a Class B felony. *See* T.C.A. § 40-35-102(6)(A); T.C.A. § 39-17-417(c)(1). The trial court properly considered the statutory criteria and other facts and circumstances supported by the record. The trial court's determination is consistent with the purposes and principles of sentencing. Therefore, we conclude that the trial court did not abuse its discretion in denying the Defendant's request for probation and imposing a sentence of confinement.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE