IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 24, 2020

**STATE OF TENNESSEE v. GERALD SLUDER**

**Appeal from the Criminal Court for Knox County
No. 113653   Steven Wayne Sword, Judge**

_____

**No. E2019-01321-CCA-R3-CD**

_____

The Defendant, Gerald Sluder, pleaded guilty to aggravated assault. Pursuant to the plea agreement, the parties agreed to a five-year sentence with the manner of service to be determined by the trial court. Following a sentencing hearing, the trial court ordered the Defendant to serve one year in confinement and the remainder on supervised probation. On appeal, the Defendant argues that the trial court erred in imposing a sentence of split confinement. Upon review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Clinton E. Frazier, Maryville, Tennessee, for the appellant, Gerald Lynn Sluder.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Charme Allen, District Attorney General; and Willie Lane, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

The Defendant was indicted for aggravated assault by strangulation and domestic assault, and on May 23, 2019, he pleaded guilty to aggravated assault. Pursuant to the plea agreement, the domestic assault charge was dismissed. The prosecutor provided a recitation of the facts of the underlying offense. The prosecutor stated that, if the case

had proceeded to trial, the victim would have testified that at the time of the offense, she was in a romantic relationship with the Defendant. On July 2, 2018, the Defendant and victim had an altercation at their home. During the altercation, the Defendant pushed the victim into a table, hit her, punched her, and caused bruising. The Defendant bent the victim's right leg over her head, causing extreme pain and extensive bruising. The victim tried to run away, but the Defendant grabbed her and held a pillow over the victim's face. The victim was able to turn her head to the side to breathe while the Defendant held the pillow over her face. The Defendant also held a blanket across the victim's face. At some point, the Defendant and the victim heard a sound that the victim believed to be a man's voice. Upon hearing the sound, the Defendant left the house.

During the plea hearing, the trial court informed the Defendant that although the length of sentence had been agreed to, the manner which he would serve his sentence was to be determined at a separate sentencing hearing. The Defendant acknowledged that he understood. The trial court proceeded to review the rights that the Defendant was waiving by pleading guilty. The Defendant agreed that he understood each of those rights and was voluntarily entering the plea.

During the sentencing hearing, the victim made a brief statement, informing the trial court that she was still healing and that she feared that she will not be the Defendant's last victim. The State introduced the victim impact statement and the presentence report. In the victim impact statement, the victim described the attack in detail and stated that she suffered from post-traumatic stress disorder as a result of the Defendant's attack. She asked the trial court to impose the maximum sentence allowed by law. The presentence report showed that in 1989, the Defendant was convicted of rape and received a five-year sentence that was served on probation. He also had several misdemeanor convictions in 2000, 1988, and 1985. The Defendant provided a written statement in the presentence report in which he stated that the victim was a very manipulative person. The Strong-R Assessment showed that the Defendant had a low probability of reoffending.

The State argued that the Defendant's statement in the presentence report amounted to victim-blaming and showed that he did not accept responsibility for his actions. The State pointed out that the Defendant had a history of criminal offenses against women, the current offenses and the 1989 rape conviction. The State asserted that the Defendant should be required to serve the entirety of his five-year sentence in confinement.

Defense counsel acknowledged that the Defendant's statement in the presentence report was problematic but argued that the statement did not negate the findings of the Strong-R assessment finding that the Defendant had a low likelihood of reoffending.

- 2 -

Defense counsel argued that the Defendant accepted responsibility when he pleaded guilty to aggravated assault and that he should be allowed to serve his entire sentence on probation or at a minimum be allowed to serve a sentence with split confinement.

The trial court considered the presentence report, the Strong-R assessment, the victim impact statement, and the victim's statement during the sentencing hearing. The trial court noted that the Defendant's last conviction was in 2000 and noted that the 1989 rape conviction was "an extremely serious offense." The trial court then determined whether confinement was necessary to protect society by restraining a defendant with a long criminal history. The court found that the Defendant's criminal history alone did not mandate confinement. The trial court determined that the Defendant's criminal history did not weigh completely in favor of probation but that his criminal history also did not weigh in favor of confinement. The trial court then assessed whether confinement was necessary to avoid depreciating the seriousness of the offense. The trial court found that the fact that the Defendant covered the victim's nose and mouth so that she could not breathe was very serious and that this factor weighed in favor of some period of confinement. Next, the trial court examined whether confinement was necessary to provide an effective deterrence to others for similar crimes. The trial court noted that this factor did not weigh in favor of either confinement or alternative sentencing. The trial court determined whether other less restrictive measures have frequently or recently been unsuccessful and found that factor neither weighed in favor of nor against confinement. Finally, the trial court analyzed the Defendant's potential for rehabilitation. The court noted that it was concerned about the prior rape conviction and the Defendant's statement in the presentence report that the aggravated assault would not have happened if not for the victim. The trial court stated that it was greatly concerned about the Defendant's ability to be rehabilitated. After weighing these factors, the trial court ordered the Defendant to serve one year of his sentence in confinement and the remainder on supervised probation. The Defendant timely filed a notice of appeal.

## ANALYSIS

On appeal, the Defendant argues that the trial court erred in ordering split confinement, rather than an alternative sentence without a term of confinement. The State maintains that the trial court did not abuse its discretion in ordering the Defendant to serve one year in confinement and the remainder of his sentence on supervised probation. We agree with the State.

This court reviews the trial court's imposition of a sentence for an abuse of discretion, with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 706 (Tenn. 2012). The trial court's sentence will be upheld "[s]o long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute."

*Id.* at 705-06. We apply the same standard when reviewing the denial of probation or alternative sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the party complaining. *State v. Herron*, 461 S.W.3d 890, 904 (Tenn. 2015).

Generally, a defendant is eligible for a probated sentence if the sentence imposed is less than ten years. T.C.A. § 40-35-303(a). In determining whether to impose a sentence involving confinement, the trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1). The trial court must also consider a defendant's "potential or lack of potential for the rehabilitation or treatment." T.C.A. § 40-35-103(5). The trial court should also consider the following factors: "(1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) special and general deterrence value." *State v. Trent*, 533 S.W.3d 282, 291 (Tenn. 2017).

The Defendant asserts that the State has the burden of showing that the "offense was of a nature that outweighs *all* factors favoring a sentence other than confinement." The Defendant relies on *State v. Milsaps*, 920 S.W.2d 267 (Tenn. Crim. App. 1995) for his assertion that the State has the burden of establishing that the Defendant is not a favorable candidate for probation. The State maintains that the Defendant has the burden of establishing that he is entitled to probation. *State v. Sihapanya*, 516 S.W.3d 473, 474 (Tenn. 2014) ("A defendant has 'the burden of establishing suitability for probation.'" (quoting T.C.A. § 40-35-303(b)). We agree with the State. Tennessee Code Annotated section 40-35-303(b) clearly states "that nothing in this chapter shall be construed as altering any provision of present statutory or case law requiring that the burden of establishing suitability for probation rests with the defendant."

The trial court determined that a period of confinement was necessary to avoid depreciating the seriousness of the offense, that the Defendant's prior rape conviction was concerning, and that the Defendant's statement in the presentence report suggested

that the Defendant did not accept responsibility and as a result that he lacked potential for rehabilitation. The trial court found that a period confinement was necessary to avoid depreciating the seriousness of the Defendant's actions of covering the victim's mouth and nose during the aggravated assault. The trial court noted that it was very concerned about the Defendant's prior rape conviction and his statement in the presentence report where "he definitely flat out state[d] that had it not been for the victim, this wouldn't have happened, which is just putting it on her shoulders, which gives me great concern for his ability to be rehabilitated." We conclude that the trial court did not abuse its discretion in ordering split confinement and ordering the Defendant to serve one year in confinement and the remainder of his sentence on supervised probation.

## CONCLUSION

Based on the foregoing analysis, we conclude that the trial court did not err in sentencing the Defendant.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE