IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2024

**STATE OF TENNESSEE v. MELVIN HUDSON**

**Appeal from the Criminal Court for Shelby County**
No. 22-02946         Paula L. Skahan, Judge
_____

**No. W2024-00126-CCA-R3-CD**
_____

The Appellant, Melvin Hudson, pleaded guilty to attempted aggravated sexual battery and violating the sexual offender registry act. The trial court imposed an agreed-upon sentence of eight years and denied the Appellant's request for alternative sentencing. On appeal, the Appellant argues this denial was an abuse of discretion. After review, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TOM GREENHOLTZ, JJ., joined.

Phyllis Aluko, District Public Defender, and Tony N. Brayton (on appeal) and Amy Mayne (at trial), Assistant District Public Defenders, for the appellant, Melvin Hudson.

Jonathan Skrmetti, Attorney General and Reporter; Katherine Orr, Assistant Attorney General; Steve Mulroy, District Attorney General; and Gavin Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

After an incident involving the Appellant's ten-year-old niece on June 22, 2021, the Appellant was charged with aggravated sexual battery and violating the sexual offender registry act. Pursuant to a plea agreement, he pleaded guilty to violating the sexual offender registry and to the lesser included offense of attempted aggravated sexual battery. Prior to the trial court's acceptance of the plea, the State explained that the victim reported that the Appellant "rubbed her vagina and up her thigh near her vagina" over her clothes. The Appellant, who is a registered sexual offender, admitted to going to the victim's house.

The parties agreed the Appellant would be sentenced to eight years as a Range II multiple offender.

**Sentencing Hearing**. After accepting the Appellant's guilty plea, the trial court conducted a sentencing hearing to determine the manner of service. The presentence report was admitted into evidence and reflected that the Appellant was sixty-two years old. He had thirteen prior felony convictions and more than fifty charges or arrests. He reported being diagnosed with paranoid schizophrenia in 1982, and using marijuana, Xanax, Valium, and methamphetamine until 2021.

The Appellant testified that he had been in custody for fifteen months and had not been in trouble. Prior to his arrest, he was "put out" of his deceased mother's house and became homeless. He had been working at Young Blood Lumber and had approximately $3,000 in savings. If released, he hoped to return to his job and would "go pay for [himself] a room or something." He acknowledged he had thirteen prior felony convictions but emphasized he had not been in trouble, other than for traffic offenses, since 2002. He denied using drugs. He said he understood he had to stay away from the victim and other minors.

On cross-examination, he said he was "real wild" when he was young but had changed. He acknowledged he had been arrested at least forty times for a range of offenses including drug offenses, robberies, and assaults. In 1988, he was serving a sentence at a penal farm and escaped because his dad died and his "mind just snapped." When asked about the instant offense, he denied touching the victim. He said he went to a family member's house to get a photograph of his deceased sister for her obituary, and the victim answered the door. He agreed he had been on the sex offender registry since 1996 but said he did not know at the time of the offense he was not permitted to be around minors.

The trial court then asked the Appellant if he was claiming the ten-year-old victim "just made this up." He responded that she only alleged he touched her stomach, "[a]nd when [he] got to jail, the discovery pack said [he] touched her all between her legs and all that." The court explained that she could "count on [her] hands how many sex offenders admit what they did" because it was "so rare." The court then said:

> Her relatives put her up to it, right? Relatives put her up to it. I've heard that. I've heard that so many times. They didn't like me. They didn't want me over there getting those photos.
>
> You stick to your story, I don't believe it. I don't believe it. I don't believe it. Okay. You can tell it all day long if you want to. Nobody – I don't think anybody in here believes it.

The Appellant continued to deny touching the victim. He also denied committing the 1996 attempted aggravated sexual battery, for which he was placed on the sexual offender registry.

The trial court denied the Appellant's request for probation. The court noted that the Appellant had an extensive criminal history beginning in 1978. He had been arrested fifty-four times and convicted of thirteen felonies, including a prior sexual offense. He had been diagnosed with paranoid schizophrenia and admitted in the presentence report to using marijuana, Xanax, Valium, and methamphetamine. The court also noted that prior efforts at rehabilitation had failed, and the Appellant refused to acknowledge his guilt. The court emphasized the seriousness of the offense committed against the Appellant's niece and the need to deter the Appellant. Accordingly, the court ordered he serve his eight-year sentence in confinement. The Appellant now appeals.

## ANALYSIS

The Appellant argues that the trial court abused its discretion by denying his request for an alternative sentence. He contends that the denial was based on the court's "preconceived opinion that all defendants charged with a sex offense are dishonest," rather than the facts and merits of this case. He contends that probation should have been granted because despite his lengthy criminal history, he had not been convicted of an offense, other than traffic offenses, since 2002. The State responds, and we agree, that the trial court acted within its discretion.

Appellate courts review a trial court's grant or denial of an alternative sentence under an abuse of discretion standard, with "a presumption of reasonableness [] to within-range sentences that reflect a decision based upon the purposes and principles of sentencing[.]" State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). "[A] trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination." State v. Sihapanya, 516 S.W.3d 473, 476 (Tenn. 2014).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. Tenn. Code Ann. § 40-35-303(a). Though the trial court must automatically consider probation as a sentencing alternative for eligible defendants, a defendant "is not automatically entitled to probation as a matter of law." Id. § 40-35-303(b), Sent'g Comm'n Cmt. A defendant bears the burden of establishing suitability for probation. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-303(b)). A defendant must show that "probation will 'subserve the ends of justice

and the best interest of both the public and the defendant.'" Id. (quoting State v. Housewright, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). Tennessee Code Annotated section 40-35-102(6)(A) provides that a defendant who does not require confinement under subsection (5) and "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]"

When determining whether to impose alternative sentencing, the trial court must consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5). The court must impose a sentence "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Id. § 40-35-103(2), (4).

The trial court's denial of the Appellant's request for probation was not an abuse of discretion. As a Range II multiple offender, the Appellant was not a favorable candidate for alternative sentencing. Id. § 40-35-102(6)(A). The court nonetheless considered alternative sentencing and determined the Appellant failed to establish his suitability for probation. The court considered the Appellant's extensive criminal history, which consisted of more than fifty charges and spanned more than forty years. The court emphasized the seriousness of the offense against the Appellant's niece and the need to deter him. The court evaluated his potential for rehabilitation, noting that past efforts at rehabilitation failed and that the Appellant continued to deny committing the offense. Despite the trial court's comments about dishonesty among sex offenders generally, the court made specific findings about the facts of this case based on the presentence report and the Appellant's testimony. Accordingly, the Appellant is not entitled to relief.

## CONCLUSION

We affirm the trial court's judgments based on the above authority and analysis.

_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE