IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2025

## STATE OF TENNESSEE v. BERNARD STROWDER

**Appeal from the Criminal Court for Knox County**
**No. 125931   Hector I. Sanchez, Judge**

_____

### No. E2024-00537-CCA-R3-CD

_____

The Defendant, Bernard Strowder, pled guilty to reckless aggravated assault and possession of a firearm by a convicted felon.  The parties agreed that he would be sentenced to an effective term of ten years but that the trial court would decide the manner in which the sentence would be served.  After a hearing, the trial court ordered that the full sentence be served in confinement.  On appeal, the Defendant challenges the denial of an alternative sentence, but the State argues that this appeal should be dismissed because his notice of appeal was untimely.  Upon our review, we agree that the Defendant's notice of appeal was untimely and that the interest of justice does not require us to waive the timely filing requirement.  We respectfully dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Appeal Dismissed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and KYLE A. HIXSON, JJ., joined.

Gerald L. Gulley, Jr. (on appeal) and Russell T. Greene (at sentencing), Knoxville, Tennessee, for the appellant, Bernard Strowder.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Charme P. Allen, District Attorney General; and Sean Roberts, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

### A.  THE DEFENDANT'S CRIMES AND PLEA

On August 6, 2023, the victim, Hope Means, was preparing to receive dinner guests at her townhome.  When she heard a knock on the door, she opened it only to find the Defendant, an ex-boyfriend, forcing his way into her home with a handgun.  The Defendant demanded to know why she would not return his calls, put the gun to her head, and threatened to kill her.

Ms. Means was able to escape briefly and call 911.  Catching up to her, the Defendant hung up the phone and tried to force her to leave the house with him.  She refused and sat down on the stairs.  When she saw officers arrive, Ms. Means ran out of the house to them.  The Defendant was sitting on the couch with the gun still in his hand.  Ms. Means later testified that she was "scared for [her] life" during this incident.

On September 21, 2023, a Knox County grand jury charged the Defendant with several crimes, including unlawful possession of a firearm by a convicted felon and aggravated assault.  In a plea agreement entered the following January, the Defendant pled guilty to the firearm offense and to the lesser-included offense of reckless aggravated assault.  The parties agreed that the Defendant would be sentenced to an effective term of ten years, with the trial court deciding the manner in which the sentence would be served.

### B.  THE SENTENCING HEARING

The trial court convened a sentencing hearing on February 23, 2024.  Before calling witnesses, the State introduced a copy of the presentence report, which included the results of the validated risk and needs assessment.  The State also introduced certified copies of the Defendant's previous convictions, including convictions for aggravated assault, felony evading arrest, reckless endangerment, forgery, and domestic assault.

The State called two witnesses to testify to the above facts, including Ms. Means and Officer Jacob Miller with the Knoxville Police Department.  Ms. Means also testified about two other encounters with the Defendant.  The first incident occurred in December 2022, when Ms. Means discovered the Defendant inside her residence without permission. He later struck her in the face, threatened her, and stole her vehicle.  The second incident

occurred about six months later. This time, the Defendant was again present in her home, and after she was able to call the police, the Defendant fled on foot.

For his part, the Defendant allocuted and admitted to having a serious drinking problem, though he said he was actively working on self-improvement. He told the court that "most of those things" heard in court were "lies" and that he wanted a chance for rehabilitation. He apologized to Ms. Means "if" she felt threatened by him.

To support his request for an alternative sentence, the Defendant introduced certificates of completion demonstrating his participation in several rehabilitation programs. These included courses on anger management, conflict resolution, family and community reunification, coping skills, substance abuse education, and behavior change. The Defendant also informed the court that the Epperson Center had accepted him into a year-long alcohol-addiction treatment program.

## C.    SENTENCE AND APPEAL

Following the hearing, the trial court denied the request for an alternative sentence and ordered the effective ten-year sentence to be served in confinement. The trial court stated that it considered the evidence presented during the sentencing hearing, including the presentence report and the testimony from the victim and Officer Miller. The court reviewed the Defendant's criminal history, noting multiple felony convictions, including aggravated assault, reckless endangerment, felony evading, and forgery. It also noted that the presentence report referenced other allegations of violent behavior, though not all incidents resulted in a conviction. The court found that his criminal record, combined with the severity of the current offense, weighed in favor of a sentence involving incarceration.

The trial court also considered that confinement was necessary to protect society from an individual with a history of violent behavior and to reflect the seriousness of the offense, particularly given that the victim was threatened at gunpoint. It noted that while the defendant had previously received educational and rehabilitation opportunities, they had not prevented further criminal conduct. However, the court acknowledged that the Defendant had the potential for rehabilitation and recommended that he seek support through programs such as Men of Valor within the Tennessee Department of Correction.

The trial court filed its judgments on February 26, 2024. While being represented by counsel, the Defendant submitted a pro se notice of appeal that was filed with the appellate court clerk thirty-eight days later on April 3, 2024.

3

# ANALYSIS

In this appeal, the Defendant challenges the trial court's denial of an alternative sentence. In response, the State argues that we should dismiss the appeal as being untimely. We agree with the State.

"It is no secret that under Tennessee Rule of Appellate Procedure 4(a), the notice of appeal must be filed 'within 30 days after the date of entry of the judgment appealed from.'" *State v. James*, No. E2021-00559-CCA-R3-CD, 2022 WL 633540, at *1 (Tenn. Crim. App. Mar. 4, 2022), *no perm. app. filed*. In this case, the trial court filed its judgments on February 26, 2024. As such, the Defendant had until March 27, 2024, in which to file a notice of appeal from these judgments. *See* Tenn. R. App. P. 4(a).

Although the Defendant has always been represented by a lawyer, his original appellate lawyer never filed a notice of appeal on his behalf. Instead, the Defendant sought to file his own notice of appeal by delivering the document to prison officials on March 29, 2024. *See* Tenn. R. App. P. 20(g) (providing that a document prepared by an incarcerated pro se litigant will be considered timely filed "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing"). Even assuming that this "pro se" notice of appeal was effective to initiate an appeal on that day,[1] it was nevertheless untimely.

As we have recognized, "[a]n untimely notice of appeal can, and often does, result in a dismissal of the appeal." *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *3 (Tenn. Crim. App. Nov. 9, 2023), *perm. app. denied* (Tenn. May 16, 2024). In criminal cases, however, the requirement of a timely filed notice of appeal is not jurisdictional, and it "may be waived in the interest of justice." Tenn. R. App. P. 4(a). The appealing party, though, "bears the responsibility to properly perfect his [or her] appeal or to demonstrate that the 'interests of justice' merit waiver of an untimely filed notice of

---

[1]        The State argues forcefully that no notice of appeal has actually been filed in this case because pleadings filed by a represented defendant are a nullity. This is generally true, of course, as a defendant cannot proceed pro se while simultaneously being represented by counsel. *State v. Smith*, 492 S.W.3d 224, 242 (Tenn. 2016). That said, this court has allowed appeals to proceed in the interest of justice despite a pro se notice of appeal being filed by a represented defendant. *See State v. Simpson*, No. W2019-00860-CCA-R3-CD, 2021 WL 120942, at *3-4 (Tenn. Crim. App. Jan. 13, 2021), *perm. app. denied* (Tenn. May 14, 2021); *Pillow v. State*, No. M2018-01275-CCA-R3-PC, 2020 WL 7040532, at *6 (Tenn. Crim. App. Dec. 1, 2020), *perm. app. denied* (Tenn. Mar. 17, 2021); *Hoover v. State*, No. M2011-02413-CCA-R3-PC, 2012 WL 4841608, at *3 (Tenn. Crim. App. Oct. 10, 2012), *perm. app. denied* (Tenn. Jan. 9, 2013). Because other factors warrant dismissing this appeal, we do not decide whether the absence of a notice of appeal filed by counsel would result in a dismissal by itself.

appeal." *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023); Tenn. R. App. P. 4(a).

When deciding whether to waive an untimely notice of appeal, this court has considered "the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). We examine these factors in turn.

## A.    NATURE OF THE ISSUES RAISED

The first *Rockwell* factor looks to the nature of the issues raised in the appeal to determine whether a waiver is in the interest of justice. *Rockwell*, 280 S.W.3d at 214. Although it is never required, this factor sometimes considers a preliminary review of the merits of the issues presented. *State v. Murray*, No. M2020-00168-CCA-R3-CD, 2021 WL 2156932, at *3 (Tenn. Crim. App. May 27, 2021), *no perm. app. filed*. After all, if an issue has merit, it may be "in the interest of justice that the notice of appeal requirement be waived." *State v. Dodson*, 780 S.W.2d 778, 781 (Tenn. Crim. App. 1989). On the other hand, it is rarely in "'the interest of justice' to consider frivolous issues or issues which are clearly without merit." *Gilliam v. State*, No. 03C01-9411-CR00406, 1995 WL 238623, at *4 (Tenn. Crim. App. Apr. 25, 1995). Similarly, issues considered under highly deferential standards of appellate review or reviewed for plain error may not satisfy this first *Rockwell* factor. *See State v. Smith*, No. E2023-01416-CCA-R3-CD, 2024 WL 4554632, at *3 (Tenn. Crim. App. Oct. 22, 2024), *no perm. app. filed*.

In this case, the Defendant challenges the trial court's order denying an alternative sentence to incarceration. Importantly, we would review the trial court's sentencing decision for an abuse of discretion, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012). As the supreme court has made clear, "A trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014).

In his argument, the Defendant does not raise issues of law but instead argues that the trial court improperly weighed the various sentencing considerations. However, when reviewing a trial court's decision for an abuse of discretion, we must have "awareness that the decision being reviewed involved a choice among several acceptable alternatives." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). To that end, we may not "second-guess a trial court's exercise of its discretion simply because the trial court chose an

5

alternative that [others] would not have chosen." *State v. McCaleb*, 582 S.W.3d 179, 186 (Tenn. 2019). We also may not substitute our judgment for that of the trial court simply because the Defendant believes that another choice would have been a better decision. *Cf. State v. Willis*, 496 S.W.3d 653, 729 (Tenn. 2016).

In this case, the trial court identified the correct standards of law that applied to its consideration of alternative sentencing. It considered and weighed the appropriate statutory and common-law factors and made a reasoned choice between acceptable alternatives after considering the relevant facts on the record. Although the court found a potential for rehabilitation, it also considered the seriousness of the current offense, the Defendant's past violent criminal record, and the failure of less restrictive measures. On our preliminary review of the Defendant's single issue, we conclude that the first *Rockwell* factor does not weigh in favor of waiving the requirement of a timely filed notice of appeal.

## B.    THE LENGTH AND REASONS FOR THE DELAY

The second *Rockwell* factor considers the length of the delay in filing a notice of appeal and the reasons for the delay. *Rockwell*, 280 S.W.3d at 214. As to the length of the delay, we again note that, although a lawyer has always represented the Defendant, no lawyer has ever filed a notice of appeal. The Defendant's own notice of appeal was filed after the time for seeking an appeal expired.

We have waived late notices of appeal in cases with significant delays, particularly when the case had an excusable reason for the delay, involved a true pro se litigant, or presented significant and substantial issues of law. *E.g.*, *State v. Williams*, No. M2007-01385-CCA-R3-CD, 2009 WL 564231, at *10 (Tenn. Crim. App. Mar. 5, 2009) (waiving notice of appeal filed 406 days late following a late-filed motion for a new trial due to "the gravity of the crime" and "the magnitude of the punishment"), *perm. app. denied* (Tenn. Aug. 17, 2009). But we have also dismissed appeals with similar delays as here, particularly when the defendant offered no excusable reason for the delay, failed to acknowledge the issue, or failed to respond to the State's argument seeking dismissal. *E.g.*, *Sims v. State*, No. W2022-01597-CCA-R3-PC, 2023 WL 5748764, at *4 (Tenn. Crim. App. Sept. 6, 2023), *perm. app. denied* (Tenn. Feb. 12, 2024) (rejecting waiver for a three-day delay when the appellant offered no reason for the late filing and did not respond to the State's waiver argument); *State v. McNeal*, No. W2015-00316-CCA-R3-CD, 2016 WL 1223492, at *3 (Tenn. Crim. App. Mar. 29, 2016) (rejecting waiver for a three-day delay when the appellant offered no reason for the late filing and did not respond to the State's waiver argument), *no perm. app. filed*.

In this case, the Defendant has offered no explanation for either the lack of a proper filing by counsel or for his own late filing. He also has not asserted that circumstances

beyond his control prevented his timely filing of an appeal.  Nor is the reason for the delay otherwise obvious from the record.  From our review of the entire record, we see nothing that would have prevented the Defendant from filing, through counsel, a timely notice of appeal.  *Wade v. State*, No. W2021-01419-CCA-R3-PC, 2022 WL 4115374, at \*1 (Tenn. Crim. App. Sept. 9, 2022) (recognizing that without a reason for the delay being offered, "there is simply no basis in the record which this Court may find that the 'interests of justice' merit a waiver of the untimely filed notice of appeal"), *perm. app. denied* (Tenn. Jan. 12, 2023).

Although the length of a delay and the reasons for it are not alone dispositive of whether a late-filed notice should be excused, they are important considerations.  In this case, we conclude that the absence of a clear or excusable reason for the delay weighs against waiving the requirement of a timely notice of appeal.

## C.    OTHER RELEVANT FACTORS

Our decision in *Rockwell* also looks to "other relevant factors."  *Rockwell*, 280 S.W.3d at 214.    Among the "other relevant factors" are whether the defendant acknowledges the late filing, requests a waiver of the timely filing requirement, or responds to the State's argument seeking dismissal of the case.  *Id.*; *Manning*, 2023 WL 7439203, at \*6.  After all, the parties generally "know what is best for them, and are responsible for advancing the facts and argument entitling them to relief."  *State v. Bristol*, 654 S.W.3d 917, 923-24 (Tenn. 2022) (citation and internal quotation marks omitted).  Thus, "where a party does not request that we waive a late-filed notice of appeal, we will be reluctant to intervene otherwise."  *State v. Storey*, No. E2023-00431-CCA-R3-CD, 2024 WL 4212413, at \*6 (Tenn. Crim. App. Sept. 17, 2024) (citation and internal quotation marks omitted), *no perm. app. filed*; *see also* Tenn. R. App. P. 13(b).

None of these additional *Rockwell* factors are present in this case.  We conclude that their absence weighs against waiving the requirement of a timely filed notice of appeal.

## CONCLUSION

In summary, we hold that the interest of justice does not weigh in favor of waiving the requirement of a timely filed notice of appeal.  As this court observed in *Rockwell*, "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver.  If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction."  *Rockwell*, 280 S.W.3d at 214.  Factors important to our decision are the nature of the issue raised, the absence of any reasons for the untimely notice of appeal, and the absence of a response to the State's request for dismissal.  On

balance, we conclude that the interest of justice does not weigh in favor of waiving the requirement of a timely filed notice of appeal.

We respectfully dismiss this appeal.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE