FILED

12/26/2023

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs December 19, 2023

## STATE OF TENNESSEE v. TIMOTHY ALAN STEPHENSON

### Appeal from the Criminal Court for Knox County
### No. 121902   G. Scott Green, Judge

_____

### No. E2023-00241-CCA-R3-CD

_____

Defendant, Timothy Alan Stephenson, was indicted by the Knox County Grand Jury for (1) possession of 0.5 grams or more of cocaine with intent to sell or deliver; (2) possession of a firearm during the commission of a dangerous felony; (3) possession of a firearm after having been convicted of a violent felony; and (4) possession of a firearm by a convicted felon.  He pled guilty to counts one and three of the indictment and agreed to concurrent ten-year sentences with the trial court to determine the manner of service.  Counts two and four were dismissed pursuant to the agreement.  The trial court sentenced Defendant to serve the ten-year concurrent sentences in confinement.  Defendant appeals, arguing that the trial court abused its discretion in denying probation.  Following our review of the record, the briefs of the parties, and the applicable law, we affirm the judgments of the trial court but remand for entry of judgment forms for the counts dismissed pursuant to the plea agreement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed and Case Remanded**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and TOM GREENHOLTZ, JJ., joined.

Eric Lutton, District Public Defender, Patrick Leonard, Assistant District Public Defender, (at plea submission hearing); and Jonathan Harwell, Assistant Public Defender (on appeal), Knoxville, Tennessee, for the appellant, Timothy Alan Stephenson.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Mitchell Eisenberg and Chris Scruggs, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

On June 30, 2022, Defendant was indicted by a Knox County Grand Jury in a four-count indictment charging Defendant with possession of 0.5 grams or more of cocaine with intent to sell or deliver (count one); possession of a firearm during the commission of a dangerous felony (count two); possession of a firearm after having been convicted of a violent felony (count three); and possession of a firearm by a convicted felon (count four).

On November 3, 2022, Defendant pled guilty to counts one and three. Pursuant to the plea agreement, Defendant was to be sentenced as a Range I offender to ten years for each count to run concurrently, with the manner of service to be determined by the trial court at a sentencing hearing. Counts two and four were dismissed pursuant to the agreement. The facts underlying the plea were set out at the plea submission hearing as follows:

> [O]n April 13th of 2021[,] at approximately 7:14 in the evening, . . . officers were dispatched to a domestic disturbance . . . . The complainant . . . stated to 911 that [D]efendant . . . was at his residence with her and was refusing to let her leave. Affiant and Officer Burt Burrell observed [D]efendant walk out [of the apartment] towards the elevators. They entered the elevator with [D]efendant and asked if he had any weapons on him. [D]efendant stated he had a gun inside of his front waistband of his pants. Officers asked [D]efendant if they could remove it from his waistband and he consented. The officer then asked [D]efendant if he was a convicted felon to which he replied that he [was]. A check of NCIC revealed that he had four prior felony convictions for various offenses . . . . [D]efendant was taken into custody. Search incident to arrest revealed two black smartphones in his front left pants pocket, a clear plastic baggie containing a white rock like substance believed to be crack cocaine. The TBI labs confirmed the substance was cocaine, had approximately five grams. The officers, based on their experience and training, believed that the presence of the currency and two cell phones were consistent with possessing the cocaine with intent to sell or deliver.

Defendant acknowledged that he understood the rights he was waiving by pleading guilty and the sentencing options available to the trial court at sentencing, including that he could be "ordered to serve this sentence within the Department of Correction[]." The trial court accepted the plea agreement and found Defendant guilty of possession of 0.5 grams or more of cocaine with intent to sell as charged in count one and possession of a

firearm after having been convicted of a violent felony as charged in count three. Pursuant to the agreement, the trial court dismissed counts two and four.

At the sentencing hearing on February 2, 2023, the State introduced Defendant's presentence report ("PSR") which listed a confirmed affiliation with the Gangster Disciples as of June 8, 2018. Defendant reported employment beginning in October 2022. Defendant also reported that he had been diagnosed with "anxiety, bipolar, and depres[s]ion disorders" but was not receiving treatment. Defendant's validated risk assessment resulted in a score of moderate risk to reoffend. Defendant's criminal history included convictions from Union and Knox counties in Tennessee, juvenile and out-of-state convictions, and pending charges in another county from an incident that occurred April 5, 2020. The PSR also showed several probation revocations. According to the PSR, Defendant was incarcerated with the Tennessee Department of Correction ("TDOC") from February 2009 through December 2010, in September 2011, and again from December 2012 through October 2019. Defendant's disciplinary history with TDOC showed over thirty infractions between 2010 and 2016.

The State argued that Defendant should be ordered to serve his ten-year concurrent sentences in confinement based on his extensive criminal history, prior probation violations, and numerous disciplinary infractions while in the custody of TDOC. Counsel for Defendant argued for probation because "the probation report lists [Defendant] as a moderate risk" and "he's ready to get this behind him and get things right." Defendant gave a brief statement:

> I've been working the same job for a while now. All I do is work and go home and try to keep myself out of trouble. I don't really have a lot of involvement with anybody anymore. I'm trying. That's all I can really - -

The trial court stated, "Your good record helps you. Your bad record hurts you. Because that's the only way that we can make a decision on what the appropriate outcome of a case should be. And your record is just not good."

The trial court observed that Defendant had "received several significant breaks already in this case," noting that the State had been lenient "by permitting [Defendant] to plead guilty as a Range I rather than a Range II offender which is clearly what you are." Without the leniency, Defendant's range of punishment would have been twelve to twenty years, "and we wouldn't even be discussing probation because it would not have been an option." Next, the trial court noted that Defendant would have qualified for consecutive sentencing based on his criminal record. Finally, "[a]nd most significantly, the State has

thrown away as a part of this plea agreement what's called a 1324[1] conviction where it would've been a mandatory five years at one hundred percent day-for-day on [count two]." The trial court concluded, "[W]hen I look at your [criminal] history, I'm left with not really much choice here[,]" and ordered Defendant to serve his sentences in confinement.

Judgment forms for counts one and three were entered on February 2, 2023, reflecting concurrent ten-year sentences to serve with TDOC. The original judgment for count three indicated a standard Range I sentence; however underneath was a hand-written note showing "39-17-1307 85%[.]" Following a motion to correct the judgment, the trial court entered a corrected judgment for count three to reflect a Range I, thirty percent sentence. The trial court found that at the time of the offense, Tennessee Code Annotated section 39-17-1307 did not require an eighty-five percent service rate.

Defendant filed a timely appeal, now properly before this court.

**Analysis**

Defendant asserts that the trial court abused its discretion when it relied on Defendant's "bad record" and the State's leniency in the plea agreement and denied probation. The State argues that the trial court properly exercised its discretion in sentencing Defendant to confinement. We agree with the State.

On appeal, the party challenging the sentence bears the burden of establishing that the sentence is improper. *State v. Branham*, 501 S.W.3d 577, 595 (Tenn. Crim. App. 2016). The "abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *see State v. Bise*, 380 S.W.3d 682 (Tenn. 2012).

A defendant is eligible for alternative sentencing if the sentence imposed is ten years or less. T.C.A. § 40-35-303(a). However, a defendant eligible for an alternative sentence must establish suitability for probation by demonstrating that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002); T.C.A. § 40-35-303(b). "A sentence is based upon 'the nature of the offense and the totality of the circumstances,' including a defendant's background." *State v. Clark*, No. E2022-00667-CCA-R3-CD, 2023 WL

---

[1]A sentence imposed for possession of a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony shall be served consecutively to any other sentence the person is sentenced to serve for conviction of the underlying dangerous felony and is subject to a mandatory minimum sentence. T.C.A. § 39-17-1324(e)(1), (h)(1) and (2).

6442974, at *4 (Tenn. Crim. App. Oct. 3, 2023) *no perm. app. filed* (quoting *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991)). In considering whether to impose probation a trial court should look at: "(1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) special and general deterrence value." *State v. Trent*, 533 S.W.3d 282, 291 (Tenn. 2017). A sentence of incarceration should reflect consideration of "[t]he potential or lack of potential for rehabilitation or treatment of the defendant," in addition to whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. §§ 40-35-103(5), (1)(A)-(C). While a trial court must place its reasoning for imposing a specific sentence into the record to allow appellate review, "there is no requirement that such reasoning be particularly lengthy or detailed." *Bise*, 380 S.W.3d at 706.

Additionally, "[a] sentencing court may consider a defendant's enjoyment of leniency in the selection of a particular conviction offense in awarding or rejecting alternative sentencing options." *State v. Harper*, No. E2008-02133-CCA-R3-CD, 2009 WL 2503367 (Tenn. Crim. App. Aug. 17, 2009) (quoting *State v. Dixon*, No. E2007-02237-CCA-R3-CD, 2008 WL 3906083, at *6 (Tenn. Crim. App. Aug. 26, 2008)). "When determining whether probation is appropriate it is proper 'to look behind the plea bargain and consider the true nature of the offenses committed.'" *State v. Pierce*, 138 S.W.3d 820, 828 (Tenn. 2004) (quoting *State v. Hollingsworth*, 647 S.W.2d 937, 939 (Tenn. 1983)). Finally, a trial court's denial of probation "will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014); *see* T.C.A. § 40-35-210(b)(1)-(7).

First, Defendant argues that although the trial court made factual findings of Defendant's "long history of criminal conduct," it did not specifically find that "confinement is necessary to protect society" from Defendant. *See* T.C.A. § 40-35-103(1)(A). The trial court noted that Defendant was "clearly" a Range II offender and that, without the plea agreement, he would have qualified for consecutive sentencing based on

his record. The trial court then found, based on evidence presented at the plea submission and sentencing hearings, that Defendant's record was "just not good." As reflected in the PSR, Defendant's criminal conduct spanned his entire adult life. Defendant asserts that his most recent significant criminal "issues" were in 2013; however, his argument does not acknowledge that he was incarcerated from December 2012 until October 2019. Additionally, Defendant's TDOC disciplinary record shows at least fourteen infractions after 2013. As the trial court found, Defendant has a "long history of criminal conduct," and he failed to meet his burden of establishing suitability for probation considering his criminal history. The trial court did not abuse its discretion when it considered the totality of the circumstances before denying Defendant probation. *See Clark*, 2023 WL 6442974, at *4.

Defendant concedes that a lenient plea agreement may be considered as a factor during sentencing, but contends that "there was no proof that the State had actually been lenient" in dismissing count two, possession of a firearm during the commission of a dangerous felony. Defendant claims that the "likely reason that the State offered this plea deal was because it had concerns about its ability to prevail on the charges as brought in the indictment" and that there was no direct evidence identified by the State in its factual recitation at the plea hearing that Defendant was involved in the sale of crack cocaine, the underlying felony offense for count two. The State argues that the trial court properly considered the dismissal of count two a "break" because a conviction for count two would have resulted in a mandatory sentence in confinement.[2] The State further argues that Defendant's claim is "pure speculation."

At the plea submission hearing, the State presented facts that if proven at trial, would support Defendant's guilty plea to unlawful possession of 0.5 grams or more of cocaine with intent to sell. Consistent with possession of cocaine with intent to sell or deliver, Defendant was in possession of a substance that tested positive as cocaine, currency, and two cell phones. *See* T.C.A § 39-17-419 ("It may be inferred from the amount of a controlled substance . . . along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing."). Further, Defendant agreed with the facts as presented by the State, agreed that those facts were sufficient to support a conviction for possession of cocaine with intent to sell, and in fact pled guilty to the felony as charged.

---

[2] While it does not affect this court's analysis, we note that the trial court stated that Defendant, if convicted of count two, would have served a "mandatory five years at one hundred percent day-for-day." However, as the State notes, if convicted, Defendant would have been required to serve a minimum fifteen-year sentence based on Defendant's criminal history. *See* T.C.A. § 39-17-1324(j) ("Any person convicted under this section who has a prior conviction under this section shall be sentenced to incarceration with the department of correction for not less than fifteen (15) years. A person sentenced under this subsection (j) shall serve one hundred percent (100%) of the sentence imposed.").

The trial court did not abuse its discretion when it "looked behind the plea deal" to find that a conviction for count two would have resulted in Defendant's mandatory incarceration. As pointed out by the trial court, without the leniency of the negotiated plea, Defendant's sentence would have been significantly increased, removing the possibility of probation. *See id.* § 40-35-303(a). Defendant offered little evidence to prove that probation would subserve the ends of justice and the best interest of both the public and Defendant. He offered an allocution that he had held employment for a while and he wanted to work and stay out of trouble. While the trial court did not make lengthy or detailed findings, the record clearly shows that the court considered Defendant's lengthy criminal history, including violent crimes and a record of unsuccessful probation, as well as the leniency of the plea agreement in its denial of probation. The trial court did not abuse its discretion. Defendant is not entitled to relief.

## CONCLUSION

We affirm the judgments of the trial court. However, we note that there are no judgment forms in the record for the dismissal of counts two and four. A trial court must enter judgment "[i]f the defendant is found not guilty or for any other reason is entitled to be discharged." Tenn. R. Crim. P. 32(e)(3); *State v. Campbell*, No. W2022-01039-CCA-R3-CD, 2023 WL 2968225, at *3 (Tenn. Crim. App. Apr. 17, 2023) *no perm. app. filed*. Therefore, we remand for entry of judgment forms reflecting the dismissal of counts two and four.

_____
JILL BARTEE AYERS, JUDGE