IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 3, 2024

## STATE OF TENNESSEE v. VICKY L. SMITH

**Appeal from the Circuit Court for Lake County**
**No. 22-CR-10845   Tony Childress, Chancellor**

_____

### No. W2023-00416-CCA-R3-CD

_____

The defendant, Vicky L. Smith, pled guilty to vehicular homicide by recklessness, and the trial judge imposed a ten-year sentence of incarceration with the Tennessee Department of Correction.  On appeal, the defendant contends the trial court erred in denying her request to serve her sentence on probation.  After reviewing the record and considering the applicable law, we affirm the sentence of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN W. CAMPBELL. SR., and MATTHEW J. WILSON, JJ., joined.

M. Todd Ridley, Assistant Public Defender, Tennessee District Public Defenders Conference (on appeal) and Brett Stein (at guilty plea and sentencing hearing) for the appellant, Vicky L. Smith.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano Assistant Attorney General; Danny Goodman, Jr., District Attorney General; and Matthew A. Beaird, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Facts and Procedural History

On August 5, 2020, while driving under the influence of methamphetamine, the defendant struck and killed a pedestrian, Lisa Tate, with her vehicle.  On July 11, 2022, a Lake County grand jury indicted the defendant on one count vehicular homicide by intoxication and one count of vehicular homicide by recklessness.  Pursuant to a "best

interest" plea agreement, the defendant agreed to plead guilty to vehicular homicide by recklessness and the State agreed to dismiss the count of vehicular homicide by intoxication. Additionally, the defendant agreed to serve a ten-year sentence as a Range II offender with the manner of service and the length of her driver's license suspension to be determined by the trial judge after a sentencing hearing.

During the sentencing hearing, the State introduced a copy of the defendant's presentence report, certified copies of the defendant's prior judgments of conviction, and statements and testimony of the victim's family and friend. The defendant's presentence report, admitted into evidence without objection, indicated the defendant had multiple convictions of driving under the influence and prior drug-related felonies. The report also revealed the defendant had previously been ordered to serve thirty-one days in jail for a partial revocation of a probationary sentence. Most recently, the report noted the defendant had been charged with possession of methamphetamines with intent to manufacture, deliver, or sell in 2022 while on release for the case at bar. Ultimately, the report qualified the defendant as a moderate risk level for recidivism and recommended several programs for the defendant if she was placed on supervised probation.

The defendant also made a statement on her own behalf at the hearing. She admitted that she had a drug problem in the past that led to several criminal convictions but claimed that she had dedicated her life to Jesus and was able to stay away from drugs for sixteen years. However, she eventually relapsed after several of her cleaning jobs ended during the COVID-19 pandemic. Despite her relapse, the defendant testified she had not used drugs since the accident at issue. When questioned about the newly pending drug charges for possession of methamphetamine, the defendant stated, "that's a whole different thing . . . I don't know how to explain that." The defendant further testified she had been emotionally impacted by the accident and thought frequently about the victim. The defendant requested the trial court sentence her to probation and allow her to attend a drug rehabilitation program.

Following the defendant's testimony, the trial court considered the evidence presented during the sentencing hearing, including the presentence report, the victim impact statements, the defendant's testimony, and the arguments of counsel. Though the parties had agreed to a ten-year sentence, the trial court, "to be on the safe side," considered and articulated factors relating to the determination of sentence length, including several enhancement factors. Per the terms of the defendant's plea agreement, the trial court then ordered the agreed upon ten-year sentence be imposed.

In considering alternative sentencing, the trial court considered the evidence presented in accordance with the required statutory factors. Specifically, the trial court ruled that confinement of the defendant was necessary to protect society because the

defendant "has an extensive criminal record that involves [ ] multiple driving under the influence convictions and involvement with drugs." As to the potential for rehabilitation, the trial court recognized that the defendant "had some success with an alcohol drug court program in Obion County at one particular point in time," and she "had a period of time when she didn't pick up any new cases." However, the trial court reiterated that even after this accident claimed the life of the victim, the defendant "went out and picked up a new charge . . . and that charge involves the very substance that [the defendant] had in her system when she struck Ms. Tate." Ultimately, the trial court found that "there's little hope [the defendant] can be rehabilitated."

As to the factor of whether less restrictive measures would be effective, the trial court found that on multiple occasions the defendant had received "measures less restrictive than confinement . . . yet she still has continued to commit crimes." The trial court further noted that the defendant had failed to comply with conditions of a previous sentence involving a release into the community and had been charged with a drug-related felony while on release for the current case.

The trial court then discussed whether or not a sentence of full probation would unduly depreciate the seriousness of the offense. Because the defendant had prior convictions of driving under the influence and the current matter involved the defendant "killing someone" while committing the same offense, the trial court found that a sentence of probation would unduly depreciate the seriousness of this particular offense. Lastly, in consideration of whether confinement is particularly suited to provide an effective deterrent to others, the trial court found that "anything less than confinement" would fail to deter someone from committing the offense at issue in the case.

As a result, the trial court denied the defendant's request for probation and ordered her to serve the entirety of her ten-year sentence in confinement. This timely appeal followed.

### *Analysis*

The defendant's sole issue on appeal is that the trial court erred by imposing confinement for the agreed upon ten-year sentence. Specifically, the defendant argues the trial court failed to properly consider probation by misapplying an enhancement factor, placing undue weight on "decades-old" cases, and by failing to adequately engage with the presentence report and its recommendations. The State contends that the trial court acted within its discretion when it denied probation and imposed the full sentence of confinement. We agree with the State.

A trial court's decision to grant or deny probation is reviewed under an abuse of discretion standard with a presumption of reasonableness when the sentence reflects the purposes and principles of sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). "[A] trial court's decision to grant or deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination." *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014) (order) (per curiam). The burden of establishing suitability for probation rests with a defendant, who must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)); *see* Tenn. Code Ann. § 40-35-303(b);

Generally, probation is available to a defendant sentenced to ten years or less. Tenn. Code Ann. § 40-35-303(a). A defendant who is convicted as an especially mitigated or standard offender of a Class C, D, or E felony is considered a favorable candidate for probation. *Id.* § 40-35-102(6)(A). In determining whether incarceration is appropriate, the trial court should consider whether:

> (A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B)     Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C)     Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*Id.* § 40-35-103(1)(A)-(C). Additionally, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(4), (5).

In the case at bar, the record reflects that the trial court held a sentencing hearing prior to imposing a sentence of confinement and provided detailed findings as to why it ordered the defendant to serve the entirety of her sentence. The parties were afforded the opportunity to be heard, and the trial court considered both the sentencing statutes and the facts of the case. Ultimately, the trial court found that confinement was necessary to protect society, that measures less restrictive than confinement had frequently or recently been applied unsuccessfully, that defendant was unlikely to be rehabilitated, and that confinement was necessary to avoid depreciating the seriousness of the offense. The trial court's ruling was wholly consistent with the applicable statutes, reflected the purposes and

principles of sentencing, and was supported by the proof presented.  Accordingly, the trial court's sentence is presumed reasonable, and we conclude there was no abuse of discretion.

Nevertheless, the defendant takes issue with three components of the trial court's ruling.  The first error articulated by the defendant is the trial court's alleged consideration of the victim's death as a serious personal injury under enhancement factor (6) of the Sentencing Reform Act.  Enhancement factor (6) states that a trial court shall consider whether "the personal injuries inflicted upon, or the amount of damage to property sustained by or taken from, the victim was particularly great" in determining whether to enhance a sentence.  Tenn. Code Ann. § 40-35-114(6).

While the defendant is correct that a trial court "may not consider factors that constitute elements of the offense in determining whether the circumstances of the offense are sufficient to deny an alternative sentence," it is clear from the record, that the trial court's discussion of the victim's death as being of great harm was not considered in the denial of an alternative sentence.  *State v. Trent*, 533 S.W.3d 282, 293 (Tenn. 2017) (citing *State v. Housewright*, 982 S.W.2d 354, 358 (Tenn. Crim. App. 1997)).  The trial court did state on the record that the personal injuries to the victim "resulted in death, so those injuries were great."  However, this statement was made after stating "I'm going to go through the whole entire sentencing findings just to be on the safe side."  It was not until later in the ruling that the trial court moved to a discussion of "considerations of incorporations (*sic*)."  We conclude that the trial court's reference to the victim's death was in reference to the factors relating to the length of sentence, an issue which was not actually determined by the trial court, and therefore, the trial court did not improperly apply the enhancement factor to its denial of probation.

Moreover, even if the trial court had improperly applied enhancement factor (6), the Tennessee Supreme Court has made clear that "a trial court's misapplication of an enhancement or mitigating factor" is not fatal to an imposed sentence, "so long as there are other reasons consistent with the purposes and principles of sentencing."  *State v. Bise*, 380 S.W.3d 682, 706 (Tenn. 2012).  Here, as previously discussed, the trial court's denial of probation and imposition of incarceration was based upon multiple statutory factors, including but not limited to the defendant's numerous prior criminal convictions.  As such, the trial court's alleged misapplication of enhancement factor (6) would not invalidate the sentence of confinement.  Therefore, the defendant is not entitled to relief on this issue.

The defendant also alleges the trial court failed to adequately "acknowledge that Ms. Smith's record consisted almost entirely of "decades-old offenses" when evaluating whether "measures less restrictive than confinement have frequently or recently been applied unsuccessfully."  Tenn. Code Ann. § 40-35-103(1)(C).  While many of the defendant's prior criminal convictions did occur approximately sixteen years prior to this

offense, the defendant was also charged with a new drug case in 2022 while on release for the offense in the instant matter. The trial judge was within its discretion to find that the defendant's new case was evidence of an unsuccessful measure that was less restrictive than confinement. Accordingly, the defendant is not entitled to relief on this issue.

Lastly, the defendant argues that the trial court did not sufficiently explain why it was not imposing the recommendations included in the presentence report and alleges that the trial court "focused almost exclusively on the fact that [the defendant's] actions caused the death of Ms. Tate." However, the record does not support the defendant's argument. The trial court stated that it had reviewed the presentence report, explicitly mentioning the defendant's history of prior convictions, multiple DUIs, and violation of probation. The trial court recognized the defendant had only one violation of probation despite her multiple convictions. However, the trial court still came to the determination that "less-restrictive measures other than confinement would not work on [the defendant] in this particular case." The record reflects the trial court adequately considered the presentence report and was within its discretion to find the recommendations to be insufficient in the instant case.

Accordingly, we conclude the defendant has not carried its burden to show the trial court abused its discretion in imposing confinement. The trial court's decision to impose confinement for the entirety of the defendant's ten-year sentence is presumed reasonable and no abuse of discretion has been found. Therefore, the defendant is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE